**REIDLING, Admr., et al., Appellants,**

v.

**VALLE;  Grange Mutual Casualty Company et al., Appellees.**

[Cite as *Reidling v. Valle* (1999), 132 Ohio App.3d 310.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–98–015.

Decided Feb. 19, 1999.

*George C. Rogers, Joseph Albrechta* and *John Coble,* for appellants.

*Kevin Zeiher* and *John R. Ball,* for appellee Grange Mutual Casualty Company.

*Robert B. Hollister,* for appellee Western Reserve Mutual Casualty Company.

KNEPPER, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas that found in favor of appellees in an action against Javier Valle for the wrongful death of Stephen Reidling and against Grange Mutual Casualty Company and Western Reserve Mutual Casualty Company for uninsured/underinsured motorist coverage. For the reasons that follow, this court affirms the judgment of the trial court.

Appellants Burl E. Reidling, father of the decedent, and Pamela Gschwind, the decedent's sister, set forth the following assignments of error:

"1. The trial court erred in denying plaintiffs' motion for summary judgment and renewed motion for summary judgment on the cause of plaintiffs' decedent's death.

"A. The trial court erred in considering uncertified, unauthenticated copies of a purported death certificate in opposition to plaintiffs' motion for summary judgment and renewed motion.

"B. The trial court erred in failing to apply the unrebutted statutory presumption of R.C. 313.19 to plaintiffs' motion for summary judgment and the renewed motion.

"2. The trial court erred in failing to give the instruction that a person is presumed to be still alive until the contrary is shown, compounded with its error to give the instruction that the statutory presumption of R.C. 313.19 applies until the jury would find it overcome by competent credible evidence.

"3. The trial court erred in allowing blood-alcohol content test reports to be admitted into evidence including the testimony of Trooper Naufel, Dr. Forney and Dr. Clark (none of whom performed such tests), said tests not being authenticated and being hearsay under Evid.R. 803(8).

"4. The trial court's errors were cumulative with the resulting error in giving the jury the interrogatory 'did plaintiffs establish by the preponderance of the evidence that Stephen A. Reidling was alive prior to being struck by defendant Javier Valle's vehicle' which the jury answered in the negative and was then instructed to enter a verdict for defendants and in failing to give plaintiffs' requested instructions, or any instruction, regarding the evidentiary weight to be given to the certified copy of the death certificate."

The undisputed facts that are relevant to the issues raised on appeal are as follows. On July 19, 1991, shortly after midnight, Stephen Reidling was driving his motorcycle west on County Road 65 in Sandusky County when, for reasons never ascertained, the motorcycle fell over and slid three hundred forty-eight feet, across the eastbound lane and into a ditch. Accident investigators determined that Reidling slid forward one hundred eighty-one feet and came to rest in the eastbound lane. There were no witnesses to this accident. Within a matter of minutes, Javier Valle drove toward the scene of the accident in the eastbound lane and drove over Reidling's body. Valle then left the scene. At approximately 1:05 a.m., shortly after Valle drove by, Robert Boron, also traveling east, approached and stopped when he saw Reidling's body in the road. Boron called the police from a nearby house and returned to stand by the body until Trooper Michael Naufel, Ohio State Highway Patrol, arrived. Trooper Naufel observed

blood splattered eastward, which indicated to him that the body had been dragged east to its final resting spot. He also observed tire marks on both legs. He further noted that there was only one set of tire marks going through the pools of blood. While Trooper Naufel was investigating the accident, Valle returned to the scene and told Naufel that he had struck Reidling. Naufel inspected Valle's car and saw blood on the right front and rear bumpers. It was later stipulated that Valle had driven over Reidling's body as it lay in Valle's lane of travel. The coroner, Dr. Samuel Lowery, was called to the scene. Lowery subsequently signed a certificate of death on which he indicated that Reidling's death was caused by massive blunt body trauma, a severe skull fracture, multiple skeletal fractures, and a deep laceration on the left side of the neck. The words "Struck by automobile" were typed in the space on the certificate that states, "DESCRIBE HOW INJURY OCCURRED."

On July 19, 1993, Burl Reidling, personally and as administrator of the estate of Stephen Reidling, and Pamela Gschwind ("appellants") filed suit against Javier Valle. Because both Reidling and Valle were uninsured motorists, appellants also filed separate actions against their insurance carriers, appellees Grange Mutual Casualty Company ("Grange") and Western Reserve Mutual Casualty Company ("Western Reserve"). These actions were dismissed without prejudice on June 23, 1995. On June 21, 1996, appellants filed a three-count complaint against appellees. In the first count, appellants alleged a wrongful death action against Valle for the death of Stephen Reidling, claiming that Valle negligently struck Reidling and caused his death while Reidling lay in the road as a result of the motorcycle accident. In the second and third counts, appellants alleged personal contract actions against Grange and Western Reserve as their uninsured/underinsured motorist insurance carriers. Burl Reidling alleged that he had presented an uninsured motorist claim to Western Reserve but that the company had not acknowledged his right to recover or agreed on an amount of damages. In their answers, Western Reserve, Grange, and Valle asserted that Reidling's own negligence had proximately contributed to his death and that he had died before being struck by Valle's vehicle. Appellees denied any negligence on Valle's part and denied that either of the insureds was entitled to recover benefits as a result of Reidling's death.

On September 19, 1997, appellants moved for summary judgment on the issue of Reidling's cause of death. In support of their motion, appellants argued that pursuant to R.C. 313.19 and *Vargo v. Travelers Ins. Co.* (1987), 34 Ohio St.3d 27, 516 N.E.2d 226, the cause and manner of death as stated on the death certificate created a rebuttable presumption as to the legally accepted cause of death. Appellants further argued that *Vargo* supported their *prima facie* case as to causation, since the death certificate states that Reidling's injuries occurred when

he was struck by an automobile. They asserted that they were entitled to summary judgment on the issue of causation unless appellees produced expert medical testimony to the contrary. Valle did not respond to the motion for summary judgment, but on October 3, 1997, appellees Grange and Western Reserve filed a joint memorandum in response to appellants' motion. Attached to appellees' response was a duplicate of the original certified copy of the death certificate (Exhibit A) and three additional papers (Exhibits B, C, and D) that also appeared to be copies of the death certificate but which varied slightly from the certificate filed with the Ohio Department of Health. Exhibit B was alleged to be the death certificate produced by appellants through discovery and contained no entry in the space designated "DESCRIBE HOW INJURY OCCURRED." Exhibit C was another death certificate with the entry "struck by automobile" under "DESCRIBE HOW INJURY OCCURRED," but was in a completely different type face than the death certificate filed with the Ohio Department of Health. Also, on Exhibit C, the names of the funeral director, the registrar, and Dr. Lowery were typed in, not signed. Exhibit D was yet another death certificate without an entry as to how the injury occurred; it was signed only by Dr. Lowery. Appellees argued that the differences between the three additional copies of the death certificate and the original certified copy created a question of fact concerning the manner of death sufficient to preclude summary judgment.

On October 24, 1997, the trial court denied appellants' motion for summary judgment. Appellants renewed their motion for summary judgment on December 19, 1997, and the trial court denied it on January 15, 1998.

The case came to trial before a jury on January 20, 1998. On January 23, 1998, the jury entered a verdict for appellees on appellants' complaint. On February 26, 1998, the trial court filed its judgment entry.

In their first assignment of error, appellants assert that the trial court erred by denying their motion for summary judgment on the issue of the cause of death. In support, appellants present two arguments. First, appellants assert that the trial court erred by considering additional copies of the death certificate presented by appellees in opposition to the motion for summary judgment. Second, appellants assert that the trial court erred by failing to instruct the jury that pursuant to R.C. 313.19 the information contained in the death certificate as to cause of death is presumed to be the legally accepted determination.

As to appellants' first argument, appellee Grange responds that the death certificate with no entry for cause of death was properly before the trial court because it was produced by appellants in the course of discovery. Appellee Western Reserve responds similarly and adds that the disputed death certificate was properly before the trial court because, pursuant to the decision of the

Supreme Court of Ohio in *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 567 N.E.2d 1027, the trial court may consider all evidence before it when deciding a motion for summary judgment, not just the documents specified in Civ.R. 56(C).

■ In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The common pleas court's entry of summary judgment is subject to a *de novo* standard of review. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327, 1328–1329. Thus, we conduct our own independent review to determine whether summary judgment was appropriate. *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317, 320.

■ Appellants offered in support of summary judgment the copy of the death certificate that stated that the cause of death was "Struck by automobile." Appellees offered the deposition testimony of Trooper Naufel, filed January 7, 1998, one week before the trial court denied the renewed motion for summary judgment. Naufel stated during deposition that "the coroner ruled that the cause of death was from the first accident." Later in his deposition, in response to a question as to why there were two separate accident reports, Naufel said, "Because it was two separate accidents. The first accident was determined it was the fatal accident where he fell off the motorcycle. The second accident was where the car struck the body lying on the roadway."

Upon consideration of the evidence that was before the trial court in the summary judgment proceedings, this court finds that there was conflicting evidence in the form of the first death certificate and Trooper Naufel's deposition testimony and that there exists a genuine issue of material fact as to the cause of Reidling's death. When construing the evidence that was before the trial court most strongly in favor of appellees, reasonable minds cannot conclude that appellants were entitled to judgment as a matter of law. Accordingly, appellants' first assignment of error is not well taken.

In support of their second assignment of error, appellants assert that the trial court erred by not instructing the jury as to the "ordinary presumption" that in a two-accident situation a person is presumed to be alive until the contrary is shown. The rule to which appellants refer is commonly called "the presumption of the continuance of life." Appellants argue that defendants had the burden of going forward with evidence that Reidling died as a result of the first accident

and that the trial court should have so instructed the jury. Appellees respond that pursuant to Ohio law, the burden was on appellants to prove that Reidling was still alive when he was struck by Valle's car and that due to material defects in the death certificate on file with the Ohio Department of Health, appellants failed to do so.

Civ.R. 51(A) provides:

"[A] party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds for the objection."

We have reviewed the entire record of proceedings in the trial court and find no evidence that appellants objected to the jury instructions as given. Generally in civil cases, errors that arise during the proceedings and are not brought to the attention of the trial court by objection or otherwise at the time when they could have been avoided or corrected are waived and may not be reviewed on appeal. *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099; *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640, 642–643; Civ.R. 51(A). Exceptions to this rule may be allowed in the case of "plain error." The Supreme Court of Ohio, however, has limited the application of the plain-error doctrine in civil cases to extremely rare cases involving exceptional circumstances that seriously affect the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. *Goldfuss, supra,* at syllabus.

Appellants appear to base their argument on the premise that appellees had the burden of showing that Reidling died as a result of the first accident. The Supreme Court of Ohio, however, in *Cole v. New York Cent. RR. Co.* (1948), 150 Ohio St. 175, 37 O.O. 459, 80 N.E.2d 854, addressed the rule of the presumption of the continuance of life as it applied to a suit brought by the estate of a child who had fallen on a railroad track and was then run over by a train. In *Cole,* the Supreme Court stated that the burden of proving that the decedent was alive when the train ran over him was on the plaintiff. Pursuant to *Cole,* we find that the instruction appellants assert should have been given in this case would have been an incorrect statement of the law. We therefore find that the trial court did not err by failing to give the instruction requested by appellants and the doctrine of plain error does not apply. Accordingly, this argument is without merit.

This assignment of error also refers to the trial court's failure to give an instruction as to the statutory presumption of R.C. 313.19. Appellants, however, failed to argue this part of the assignment separately in their brief, and this court

therefore will not address the claimed error. See App.R. 12(A)(2); *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392–393.

Accordingly, appellants' second assignment of error is not well taken.

■ In their third assignment of error, appellants assert that the trial court erred by allowing two reports containing the results of Reidling's blood-alcohol test admitted into evidence. Appellants argue that no one testified as to the validity of the test results and that appellees therefore did not lay an adequate foundation.

We note first that the record shows that one of the reports was withdrawn as an exhibit by the defense and therefore never admitted into evidence. The other report was identified at trial by Trooper Naufel as having been prepared as part of his investigation of the accident and as being part of the official files of the Ohio State Highway Patrol. Naufel also testified as to the chain of custody of the blood sample taken from Reidling's body at the scene of the accident.

The admission of relevant evidence is within the trial court's discretion, and its decision to admit or exclude such evidence cannot be reversed absent a showing of an abuse of discretion. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

As to the results of the blood-alcohol test, Trooper Naufel testified during the trial as follows:

"Q. Other than looking at the scene, did Dr. Lowery draw blood from Stephen Reidling?

"A. Yes, he did.

"Q. And was that blood sample given to you?

"A. Yes, sir.

"Q. And did you mail that blood sample to your lab?

"A. Yes, I did.

"Q. And did you prepare a chain of evidence document to demonstrate how that blood sample was handled?

"A. Yes, sir.

"Q. Is that a part of your report?

"A. Yes, it is.

"Q.  And that blood was analyzed by the Ohio State Highway Patrol post laboratory; is that true?

"A.  Yes, it was.

"Q.  Are the results of that analysis a part of your report today?

"A.  Yes, it is."

Later in his testimony, Trooper Naufel identified the chain-of-evidence form used with the blood sample and the form with the results of the blood test.  It is clear from the evidence presented at trial that appellees laid an adequate foundation for admission of the evidence.  Further, appellants have not shown how the trial court abused its discretion or how they were prejudiced by the admission of the evidence.  Upon consideration of the foregoing, this court finds that the trial court did not abuse its discretion by admitting the results of the blood-alcohol test, and appellants' third assignment of error is not well taken.

In their fourth assignment of error, appellants assert that the trial court's errors were cumulative, and they again raise the issues of jury instructions as to the burden of proving that Reidling was alive when struck by Valle's car and of the presumptive correctness of the death certificate.  It having been determined that the trial court committed no error prejudicial to appellants, it follows that there were no cumulative errors that deprived appellants of a fair trial.  Accordingly, appellants' fourth assignment of error is not well taken.

On consideration whereof, this court finds that substantial justice was done to the parties complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed.  Court costs of this appeal are assessed to appellants.

*Judgment affirmed.*

HANDWORK, P.J., and MELVIN L. RESNICK, J., concur.