DECISION
Plaintiff-appellant, James E. Green, pro se, appeals the March 30, 1999 judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Lewis Williams. For the reasons that follow, we affirm.
On December 21, 1998, appellant filed a complaint against appellee, an attorney, who represented appellant in a criminal matter in which appellant ultimately pleaded guilty to one count of felonious assault. In the complaint, appellant raised a claim sounding in legal malpractice. Appellant alleged that appellee violated Canon 4 of the Code of Professional Responsibility by disclosing confidential and privileged information about appellant, and that such information was reported in a Columbus Dispatch article written about appellant's conviction. In particular, the article attributed a statement to appellee that appellant had admitted that he was involved in the assault, but denied that he inflicted serious injury upon the victim. Appellant sought compensatory damages in the amount of $25,000 and punitive damages in the amount of $100,000.
On January 15, 1999, appellee filed a motion for summary judgment. Appellee argued: (1) that he made the alleged statement in mitigation during the sentencing phase of appellant's guilty plea hearing; (2) that no confidence or secret was revealed since appellant had pleaded guilty to the crime of aggravated assault; and (3) that appellant could prove no damages proximately resulting from the alleged statement. In support, appellee attached a copy of appellant's entry of guilty plea form filed in the underlying criminal matter, an affidavit from himself stating that all of the facts stated in his motion were true, and an affidavit of criminal defense lawyer, Gerald G. Simmons, opining that appellee's representation of appellant at the hearing was within the standards of professional conduct of a criminal defense attorney in Ohio.
On February 2, 1999, appellant filed a motion for leave to file a cross-motion for summary judgment and "Motion to Dismiss Defendant's Summary Judgment/Answer in Response Thereto/Cross Summary Judgment." In support, appellant attached various documents, including a copy of the Columbus Dispatch article, his own affidavit stating that all of the facts stated in his motion were true and accurate, and pages from the transcript of the sentencing hearing indicating that appellee did not make the alleged statement in mitigation.
On February 23, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. In so doing, the trial court ruled: (1) that the alleged statement was made by appellee in his role as appellant's criminal defense attorney as part of an official court proceeding; (2) that the article did not indicate that appellant made the statement outside of the sentencing hearing; (3) that appellant's involvement in the crime was not confidential information since he had already pleaded guilty to felonious assault; and (4) that appellant had failed to provide any evidence of damages suffered as a result of the alleged statement by appellee.
On March 30, 1999, the trial court filed a judgment entry reflecting its decision. It is from this entry that appellant appeals raising the following assignments of error:
 1. THE COURT'S DECISION IS IN ERROR AND BIAS, IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF IS ACTING PRO SE.
 2. THE COURT'S DECISION IS IN ERROR AND PREJUDICE, IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF IS ACTING PRO SE.
 3. THE COURT'S DECISION IS IN ERROR AND DISCRIMINATE AGAINST PLAINTIFF IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF IS ACTING PRO SE.
 4. THE COURT'S DECISION IS IN ERROR AND AGAINST THE MANIFEST WEIGH [sic] OF THE EVIDENCE IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF IS ACTING PRO SE.
 5. THE COURT'S DECISION IS IN ERROR IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN A JURY TRIAL WAS DEMANDED, BECAUSE PALINTIFF [sic] IS ACTING PRO SE.
All of appellant's assignments of error are related and allege that the trial court erred in granting appellee's motion for summary judgment. We address all five together.
Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66. The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id.
Appellate review of summary judgments is de novo. Koosv. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court level are found to support it.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
To establish a cause of action for legal malpractice based on negligent misrepresentation, a plaintiff must show: (1) that the attorney owed a duty or obligation to the plaintiff; (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law; and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. Vahila v. Hall
(1997), 77 Ohio St.3d 421, syllabus. A plaintiff's failure to create a genuine issue of material fact as to any one of these elements entitles the movant to summary judgment. See, generally,Chatfield v. Michel, Davis Cramer (July 19, 1994), Franklin App. No. 94APE01-23, unreported (1994 Opinions 3257). Moreover, expert testimony is generally required to support allegations that an attorney's conduct fell below the standard of care ordinarily exercised by members of the legal profession under similar circumstances. See Landis v. Hunt (1992), 80 Ohio App.3d 662.
Here, appellant failed to present any expert testimony in support of his allegations. Moreover, while appellant may have established a genuine issue of material fact as to when appellee made the alleged statement, appellant has not created a genuine issue of material fact as to any causal connection between the alleged statement and any damages appellant may have suffered. As noted above, appellee's alleged statements occurred after appellant had already pleaded guilty to felonious assault. Appellant has not even alleged, nor could he, that the statements contributed to his conviction or subsequent incarceration. Appellant has failed to present any evidence as to how the alleged statement may have damaged him in any way. As such, the trial court properly granted appellee summary judgment as to appellant's legal malpractice claim.
For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.