DECISION
Plaintiffs-appellants, Boyd Fontaine, individually and as executor of the estate of his wife, Joyce I. Fontaine, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee Ricart Properties, Inc.
The facts of the case are not, with some exceptions not relevant to this appeal, fundamentally in dispute by the parties. Defendant Andrea Hairston, who is not a party to this appeal, was at fault in an automobile accident which caused the death of Joyce I. Fontaine and injury to Boyd Fontaine and others in the Fontaine vehicle. Ms. Hairston carried no liability insurance at the time of the collision. She was driving a vehicle belonging to a used car lot owned by appellee Ricart Automotive Group ("Ricart"). Ms. Hairston had taken the car for the ostensible purpose of having it inspected prior to purchase by one of her acquaintances, an automobile mechanic, although Ms. Hairston's actual itinerary after taking the vehicle was not entirely consistent with this contention.
At the time Ricart allowed Ms. Hairston to take the used vehicle off the lot, the sales person obtained a copy of her driver's license and had her fill out a "demonstration agreement," disclosing, inter alia, that Ricart carried no insurance on the vehicle. There is a disputed question of fact remaining in the case as to whether Ms. Hairston disclosed to Ricart that she had no liability insurance of her own. Several hours after taking the vehicle off the lot, Ms. Hairston, westbound on Interstate-70 in Columbus, went left of center and struck the Fontaine vehicle.
Mr. Fontaine subsequently filed suit against Ms. Hairston, Ricart Automotive Group, and Mr. Fontaine's uninsured/underinsured motorist carrier, Farmers Insurance of Columbus, Inc. ("Farmers"). Mr. Fontaine's theories for recovery against Ricart consisted of negligent entrustment, negligent bailment, and failure to establish that Ms. Hairston had automobile liability insurance in the minimum amount mandated by law prior to allowing her to operate the vehicle. Farmers subsequently filed a cross-claim against Ms. Hairston and Ricart for subrogation. The trial court eventually granted partial summary judgment to Ricart on all three of Mr. Fontaine's claims. The matter was then appealed to this court, which affirmed in part and reversed in part. We found that the trial court had properly granted summary judgment for Ricart on Mr. Fontaine's negligent entrustment and bailment actions, but that the grounds cited by the trial court in granting summary judgment on the negligence per se claim arising out of the failure to ascertain whether Ms. Hairston had liability coverage were not correct. We remanded to the trial court for further proceedings on this last issue. Fontaine v. Hairston (2000), Franklin App. No. 99AP-625.
On remand, the trial court once again considered a renewed motion for summary judgment filed by Ricart on the negligence per se claim. The trial court once again granted summary judgment for Ricart, but this time on different grounds. The trial court concluded that, even if Mr. Fontaine could show a breach by Ricart of its statutory duty to ensure that the operator of its motor vehicle had proof of financial responsibility no damages could be shown to flow from such a breach.
Appellants have timely appealed and bring the following sole assignment of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE RICART.
Initially, we note that this matter was decided on summary judgment. Civ.R. 56(C) states that summary judgment shall be granted if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial.
Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. Dresher, supra; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38.
In accordance with the foregoing, we address our review of this matter resolving all factual issues in which conflicting evidence was presented in favor of the party opposing summary judgment, Mr. Fontaine. Most significantly, there was conflicting evidence in the present case as to whether Ricart employees were aware, or had even inquired, as to whether or not Ms. Hairston had her own automobile liability insurance coverage. We assume, for purposes of the following analysis, that Ricart's employees either failed to inquire or were specifically told by Ms. Hairston that she had no coverage.
Upon remand from our prior decision, the sole remaining issues as between Ricart and Mr. Fontaine were: (1) whether Ricart was negligent in permitting Ms. Hairston to drive its vehicle without obtaining proof of financial responsibility; and (2) whether that negligence was the proximate cause of any damages to Mr. Fontaine through the foreclosure of a statutorily mandated source of compensation for his loss.
At the time of the collision, R.C. 4509.101(A)(1) stated:
 No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle.
Where there exists a legislative enactment commanding or prohibiting for the safety of others a specific act and there is a violation by defendant of such an enactment, this violation will constitute negligence per se. Hurst v. Ohio Dept. of Rehab. Corr. (1995), 72 Ohio St.3d 325, 327. The duty set forth in R.C. 4509.101(A) is specific in that it requires a person trusting operation of a motor vehicle to another to obtain proof of financial responsibility. In our prior decision, we concluded that, if Ricart indeed were aware of Ms. Hairston's lack of liability insurance, and nonetheless entrusted the vehicle in question to her, this would be a violation of R.C. 4509.101(A) and constitute negligence per se. However, in our prior decision, we also pointed out that proximate cause must also be shown in order to impose liability under negligence per se. Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565.
In the present case, Ricart's argument is that, even if Ricart breached its duty under the statute, Mr. Fontaine in either his personal capacity or as executor can show no damages therefrom. The basis of this contention is that Mr. Fontaine settled his uninsured/underinsured motorists claim against Farmers during the course of the case, subsequently dismissing Farmers as a defendant. This settlement was structured as a "Trust Agreement and Assignment of All Claims Pursuant to Medical Expense and Underinsured Motorists Coverage." Pursuant to this trust agreement, Farmers paid to appellant the sum of eighty thousand dollars and was subrogated to the rights of appellant to recover any funds received by him from other sources up to $80,000.
The trial court reasoned, and we agree, that on the present facts no loss of compensation to Mr. Fontaine resulted from any breach by Ricart of R.C. 4509.101(A)(1). The minimum limits under the statute at the time of the accident were $12,500 per person and $25,000 per accident. Even if this amount of coverage had been verified to exist by Ricart, recovery would not have gone to Mr. Fontaine, but, rather, to Farmers under the subrogation agreement.[1] Since any additional recovery, at least in the minimum amounts specified in R.C. 4509.101(A)(1), would have gone to Farmers, Mr. Fontaine can show no damages proximately resulting from the loss of ability to obtain compensation from such additional coverage due to breach of the statements by Ricart.
We accordingly conclude that the trial court did not err in finding that Ricart was entitled to summary judgment on appellants' negligence per se claim, and appellants' assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas granting summary judgment for Ricart Properties, Inc., is therefore affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.
[1] While the trial court went on in the present case to state that Farmers also would be barred from recovery against Ricart for any negligence per se, Farmers has not appealed that aspect of the trial court's decision and we expressly make no determination as to this aspect of the trial court's judgment.