MCGINNIS ET AL., APPELLANTS, *v.* QUEST MICROWAVE VII, INC. ET AL., APPELLEES.

(No. 2046 — Decided May 29, 1985.)

*Alfred E. Schrader* and *James R. Graves,* for appellants.

*Danny L. Cvetanovich* and *Walter C. Grosjean,* for appellees.

QUILLIN, J.  In this appeal we must decide whether a determination by the Ohio Public Utilities Commission ("PUCO") that the appellee, Quest Microwave VII, Inc. ("Quest"), is a public utility for the purposes of regulation under R.C. Chapter 4905, also makes the company a public utility exempt from township zoning regulations pursuant to R.C. 519.21. The trial court ruled that the PUCO determination had such an effect and dismissed the appellant's complaint for lack of subject matter jurisdiction. We hold that such a determination is not controlling and reverse and remand for further proceedings.

The appellants filed a complaint seeking declaratory and injunctive relief aimed at preventing appellee Quest from building and operating a telecommunications tower at a site in Doylestown, Ohio. In their answers the appellees claimed that Quest was a public utility exempt from township zoning under R.C. 519.21, which states in relevant part:

"[Sections 519.02 to 519.25 of the Revised Code] * * * confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."

Appellees claimed that because the PUCO had assumed jurisdiction to regulate Quest under R.C. Title 49 as a public utility, Quest was necessarily a public utility for the purpose of R.C. 519.21. Appellees thus argued that appellants were challenging a ruling of the PUCO in an improper forum contrary to R.C. 4903.12, which provides in part:

"No court other than the supreme court shall have power to review, suspend, or delay any order made by the public utilities commission, or enjoin, restrain, or interfere with the commission or any public utilities commissioner in the performance of official duties. * * *"

Based upon the foregoing, appellees moved for dismissal of appellants' complaint for lack of subject matter jurisdiction. Appellants counter-argued that the PUCO determination of status for purposes of R.C. Title 49 was not controlling and, therefore, they were not seeking to overturn a PUCO decision.

The defense of subject matter jurisdiction was heard and determined pursuant to the appellees' motion. The only issue considered at the hearing was subject matter jurisdiction under R.C. 4903.12. The trial court ruled that the PUCO designation of Quest as a public utility was binding on the court and therefore Quest was a public utility exempt from township zoning. Based upon this finding, the trial court dismissed the cause for lack of subject matter jurisdiction. This appeal followed.

Assignment of Error I

"The Wayne County Common Pleas Court erred in failing to conduct an evidentiary hearing on the issue of its jurisdiction over the subject matter below."

R.C. 4905.02 contains a definition of the term "public utility":

"As used in Chapter 4905. of the Revised Code, 'public utility' includes every corporation, company, copartnership, person, or association, their lessees, trustees, or receivers, defined in section 4905.03 of the Revised Code, including all telephone companies, but excepting such other public utilities as operate their utilities not for profit, such other public utilities as are owned or operated by any municipal corporation, and railroads as defined in sections 4907.02 and 4907.03 of the Revised Code."

However, this definition is limited to the title of the code in which it appears and has limited applicability. *Vernon* v. *Warner Amex Cable Communications, Inc.* (Apr. 24, 1985), Summit App. No. 11886, unreported. Thus, even though Quest is considered a public utility for the purpose of regulation by the PUCO under R.C. Chapter 4905, that designation of control does not make it a utility in fact under R.C. 519.21. *Freight, Inc.* v. *Board of Twp. Trustees* (1958), 107 Ohio App. 288, 290 [8 O.O.2d 212]. Instead, that designation is only a part of the evidence to be considered in determining whether Quest in fact has the attributes of a public utility exempt from township zoning. As we held in *Montville Bd. of Twp. Trustees* v. *WDBN, Inc.* (1983), 10 Ohio App. 3d 284, the determination of status as a public utility under R.C. 519.21 is a mixed question of law and fact.

Because the trial court made its ruling based only upon the issue of whether the PUCO designation controlled, the parties did not present evidence pertaining to the question of whether Quest had

the attributes of a public utility. The trial court must give the parties the opportunity to present this evidence. *WDBN, Inc., supra.* Accordingly, the appellants' first assignment of error is well-taken.

## Assignment of Error II

"The court below erred in finding that O.R.C. 519.21 denied the court subject matter jurisdiction, because O.R.C. 519.21 [is] unconstitutional as violative of the equal protection clauses of the Ohio and U.S. Constitution."

Appellants did not challenge the constitutionality of R.C. 519.21 in the trial court; thus, they may not raise this issue on appeal. Accordingly, the assignment of error is overruled.

The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with the law.

*Judgment reversed*
*and cause remanded.*

GEORGE, P.J., and MAHONEY, J., concur.