COVENTRY TOWNSHIP et al., Appellees,

v.

ECKER, Appellant.

[Cite as *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 16807.

Decided Feb. 8, 1995.

*Irving Sugarman,* for appellees.

*Richard Schnars,* for appellant.

REECE, Presiding Judge.

Defendant-appellant, Jeffrey L. Ecker, appeals from the trial court's entry of summary judgment in favor of the plaintiff-appellee, Coventry Township, on the township's complaint for declaratory judgment and injunctive relief. We affirm.

Ecker is an independent trucking contractor who owns a flatbed semitractor-trailer. Ecker admits that when he is not using his semi, he parks the truck in the driveway of his Coventry Township residence at 140 Swartz Road. Ecker also admits that he uses his Coventry Township residence as the sole place for conducting his trucking business. Finally, it is undisputed that Ecker's residence is located in area zoned by Coventry Township as an R–3 residential zone and that the operation of a trucking business and the overnight parking of a semi are not permitted in an R–3 residential zone.

Based on Ecker's trucking-related activity, Coventry Township brought this action seeking an order declaring that Ecker was in violation of the township's zoning regulations and an order enjoining Ecker from continuing to violate those regulations. After the pleadings were filed, Coventry Township moved for summary judgment, and Ecker responded in opposition. The trial court granted the township summary judgment, finding that the township's zoning regulations were a reasonable exercise of its police power and were not inconsistent with the authority of the Public Utilities Commission of Ohio ("PUCO") to regulate motor transportation companies. Ecker appeals, raising two assignments of error.

Of central importance to this appeal is the organization of Ecker's trucking business. Ecker conducts his business as an independent contractor. However, Ecker obtains hauling jobs by leasing his truck and driving services to Vanguard Transportation Systems of Westchester, Ohio. Vanguard, in turn, has a sublease agreement in which Vanguard subleases the trucks under its control, including Ecker's, to the O.K. Trucking Company of Cincinnati, Ohio.

Although Ecker's trucking business is a motor transportation company regulated by the PUCO, Ecker has not been issued a Certificate of Public Convenience and Necessity by the PUCO to operate over Ohio routes. Ecker, however, is legally permitted to operate over Ohio routes via his lease relationship with O.K.

Trucking, which has been issued a Certificate of Public Convenience and Necessity.

In his second assignment of error, Ecker contends that the trial court erred in entering a final judgment because issues of fact remain as to whether his PUCO-regulated trucking business is a public utility exempt from township zoning pursuant to R.C. 519.211(A).

R.C. 519.211(A) expressly exempts public utilities from township zoning regulations and land use controls. *A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees* (1992), 64 Ohio St.3d 385, 387, 596 N.E.2d 423, 425. We do not dispute that Ecker's trucking business meets the definition of a "motor transportation company" as set forth in R.C. Title 49. See R.C. 4921.02. We also acknowledge that for purposes of PUCO regulation, a motor transportation company is a public utility. See R.C. 4905.02 and 4905.03. However, this court has repeatedly held that even though an entity is considered a public utility for purposes of PUCO regulation under R.C. Chapter 4905, that designation does not make it a public utility in fact for purposes of the zoning exemption in R.C. 519.211(A). *McGinnis v. Quest Microwave VII, Inc.* (1985), 24 Ohio App.3d 220, 221, 24 OBR 398, 399, 494 N.E.2d 1150, 1151–1152; *Freight, Inc. v. Northfield Ctr. Bd. of Twp. Trustees* (1958), 107 Ohio App. 288, 290, 8 O.O.2d 212, 213–214, 158 N.E.2d 537, 539. The issue in this appeal then is whether Ecker's trucking business constitutes a public utility in fact for purposes of the R.C. 519.211(A) zoning exemption.

Ecker initially argues the parties stipulated that the issue of whether his trucking business is a public utility was to be decided at trial because it is an issue of fact that cannot be determined through summary judgment. Contrary to Ecker's argument, however, the determination of whether an entity is a public utility under R.C. 519.211(A) is not a pure question of fact. Instead, that determination is a mixed question of law and fact. *Marano v. Gibbs* (1989), 45 Ohio St.3d 310, 311, 544 N.E.2d 635, 636. As a mixed question of law and fact, an entity's public utility status can be determined through summary judgment as a matter of law if the facts are such that reasonable minds could come to but one conclusion and that conclusion is adverse to the party opposing summary judgment.

Ecker next argues that the trial court did not specifically address the public utility exemption issue in granting summary judgment. Although we agree with Ecker that the trial court did not directly address the public utility issue in its judgment entry, it is a basic rule of appellate review that a lower court's entry of summary judgment is reviewed *de novo*. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274–1275. As a result, this

court applies the same summary judgment standard as the trial court and must affirm the trial court's judgment if any valid grounds are found on appeal to support it, even if the trial court failed to consider those grounds. *Id.* The question that remains, therefore, is whether any valid grounds support a finding that, as a matter of law, Ecker's trucking business is not a public utility exempt from township zoning under R.C. 519.211(A).

Two Ohio appellate districts have dealt directly with this question. In *Hill v. Russell* (Jan. 6, 1987), Licking App. No. CA-3198, unreported, 1987 WL 5763, Russell owned several semis that he would regularly park, store, and repair on his residentially zoned property in Monroe Township. Russell leased his trucks to a motor transportation company operating under the authority of the PUCO. The township brought a zoning violation action against Russell to stop him from conducting trucking activity at his residence. Both parties moved for summary judgment. The trial court granted the township summary judgment, finding that Russell was not made a public utility, exempt from township zoning, by the mere fact that he leased his trucks to a company holding PUCO authority.

On appeal, the Fifth District Court of Appeals affirmed. The court found that:

"[T]he statute in question [R.C. 519.211(A)] only provides an exemption from zoning to the public utility. The exemption does not run to a party who is a lessor to a company holding I.C.C. or P.U.C.O. authority. * * * [Russell] should not be permitted to bootstrap himself into the protection of the instant exemption by merely agreeing with a trucking company that he will use, store, and repair leased trucks on his property."

In *Whitten v. Munson Twp. Bd. of Trustees* (June 11, 1993), Geauga App. No. 92-G-1725, unreported, 1993 WL 418474, the Whittens were cited for parking and storing on their residential property a truck exceeding the weight and length limitations contained in Munson Township's zoning regulations. The Whittens were leasing the truck to Roberts Express, a motor transportation company regulated by the PUCO. The Whittens brought an action seeking declaratory relief from the township's zoning regulations. The case was tried to the court, which found that the Whittens' truck was used in the operation of a public utility and that its parking and storage were therefore exempt from township zoning pursuant to R.C. 519.211(A).

The Eleventh District Court of Appeals reversed. The court held that:

"Although Roberts [Express] is a public utility, it is not using [the Whittens'] land as contemplated by R.C. 519.211(A). It is using [the Whittens'] truck for the operation of its business, not their land. * * * Roberts' business is not operated upon [the Whittens'] property. When the truck in question is on [the Whittens'] land, it is not in use but is being parked or stored. Additionally, the choice of

locations in which to park or store the truck was determined by [the Whittens], not Roberts. Because [the Whittens] are not a public utility and Roberts, which is, does not employ or occupy [the Whittens'] property in the operation of its business, [the Whittens'] property is not exempt from the township zoning regulations."

In the present case, Ecker claims as an affirmative defense that his trucking business is a public utility exempt from township zoning. The burden of proving an affirmative defense rests with the party raising the defense. See *Foote Theatre, Inc. v. Dixie Roller Rink, Inc.* (1984), 14 Ohio App.3d 456, 458, 14 OBR 576, 578, 471 N.E.2d 866, 868–869. Moreover, the party opposing summary judgment must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. To avoid summary judgment, therefore, Ecker was required to produce some evidence from which reasonable minds could find that his business is a public utility.

The only evidence Ecker produced on this issue was O.K. Trucking's Certificate of Public Convenience and Necessity, and his lease agreements with O.K. Trucking and Vanguard. Without more, we are inclined to agree with the holdings of the Fifth and Eleventh District Courts of Appeals in *Russell* and *Whitten.* Based on those cases, the mere fact that Ecker leases his truck to a company holding a Certificate of Public Convenience and Necessity is not sufficient, as a matter of law, to support a finding that his business is a public utility under R.C. 519.211(A). Since Ecker produced no other evidence on this issue, we find on the authority of *Russell* and *Whitten* that Ecker's trucking business is not a public utility under R.C. 519.211(A) and, therefore, is not exempt from Coventry Township's zoning regulations as a matter of law. The second assignment of error is overruled.

In his first assignment of error, Ecker argues that Coventry Township's zoning regulations are not reasonable local police regulations because they are inconsistent with the authority of the PUCO. We do not agree.

Under R.C. Chapter 4921, local subdivisions may make reasonable local police regulations relating to motor transportation companies so long as the local regulations are not inconsistent with the authority of the PUCO. R.C. 4921.04(H) and 4921.25. In interpreting the balance between local police regulations and the authority of the PUCO, the Ohio Supreme Court has stated that local police regulations "should be reasonable in character and not designed to nullify and set aside the orders of the Public Utilities Commission by materially interfering with the efficiency of the utility as authorized by the Public Utilities Commission." *Nelsonville v. Ramsey* (1925), 113 Ohio St. 217, 225, 148 N.E. 694,

696 (applying G.C. 614–86 [110 Ohio Laws 214], predecessor to R.C. 4921.04). See, also, *Lorain St. Rd. Co. v. Pub. Util. Comm.* (1925), 113 Ohio St. 68, 69, 148 N.E. 577, 577.

Ecker argues that Coventry Township's zoning regulations materially interfere with the efficiency of his trucking business because as an independent trucking contractor, it would be economically inefficient, if not infeasible, for him to maintain a place of business other than at his residence. Ecker's argument, however, is based on a reading of *Ramsey* that is unsupported by the facts of that case.

The plaintiffs in *Ramsey* owned Red Star Transportation, a motor transportation company conducting passenger bus service under the authority of the PUCO. Pursuant to Red Star's Certificate of Public Convenience and Necessity, Red Star was permitted to operate passenger bus service over an intrastate route between Lancaster and Athens, Ohio. This route passed through the city of Nelsonville, Ohio. In 1924, Nelsonville passed a local ordinance preventing bus travel on streets served by the local street railway company, which apparently operated on most of the paved and improved streets in the city. The practical effect of the ordinance required Red Star to detour its buses "a considerable distance out of the way of the route prescribed by the commission over a dirt road wholly unimproved, in some places narrow and full of ruts." 113 Ohio St. at 225–226, 148 N.E. at 696. Based on the PUCO's authority to establish motor transportation routes under G.C. 614–86 (now R.C. 4921.04), the Supreme Court held that "[t]his species of detour, especially when the unimproved roads were muddy, rough, and in a condition difficult for motor travel, must materially interfere with the efficiency of the utility and render the service to the public, authorized by the commission, less effective to the public." *Id.* at 226, 148 N.E. at 696. The court concluded, therefore, that Nelsonville's local ordinance was inconsistent with the authority of the PUCO and could not be enforced against Red Star.

In this case, Ecker is authorized by the PUCO to operate his trucking business over specific Ohio routes. Ecker, however, has presented no evidence that Coventry Township's zoning regulations prevent him from efficiently using those routes as was the case in *Ramsey*. Without such evidence, Ecker has failed as a matter of law to demonstrate that Coventry Township's zoning regulations are inconsistent with the authority of the PUCO. The first assignment of error is overruled.

The trial court's entry of summary judgment is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.