DECISION
Plaintiffs-appellants, Chris Carrier, Margaret Benedetto, and George Bruce Hildebrand, appeal from a judgment of the Franklin County Court of Common Pleas awarding summary judgment to defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). Because plaintiffs' assignments of error lack merit, we affirm.
On January 2, 1996, plaintiffs' mother, Linda Simms, died as a result of an automobile accident. At the time, she was a passenger in a vehicle operated by her husband, Gerald Simms. Because of the household exclusion in the Simms' automobile insurance policy with State Farm, Gerald Simms was considered an uninsured motorist regarding claims asserted by the Estate of Linda Simms.
The Simms' automobile insurance policy with State Farm provided uninsured motorist coverage for bodily injury in the amount of $100,000 "each person" and $300,000 "each accident." The policy stated that the "each person" designation provided "the amount of coverage for all damages arising out of and due tobodily injury to one person." The policy further provided that "`bodily injury to one person' includes all injury and damages to others and resulting from this bodily injury."
Plaintiffs, as executors of the estate of Linda Simms, presented an uninsured motorist claim to State Farm on behalf of themselves as Simms' next of kin for the bodily injury per accident limit of $300,000. State Farm paid plaintiffs $100,000 pursuant to the "each person" limit of uninsured motorist coverage.
Plaintiffs then filed a complaint against State Farm, claiming they are entitled to recover the $300,000 aggregate limit of uninsured motorist coverage for bodily injury for "each accident" because all three claimants are entitled to recover $100,000 each under the policy's "each person" limit. State Farm moved for summary judgment on the basis that Linda Simms' insurance policy set a $100,000 maximum "each person" limit of uninsured motorist coverage available for a single bodily injury or death, and, pursuant to R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20, the policy properly consolidated all three of plaintiffs' claims under the $100,000 "each person" limit.
Plaintiffs opposed the motion for summary judgment, contending that the policy language cannot permissibly limit their collective recovery to $100,000, and that Am.Sub.S.B. No. 20 is unconstitutional because it endorses such a limitation. Specifically, plaintiffs argued in their memorandum contra State Farm's motion for summary judgment that Am.Sub.S.B. No. 20 violates Sections 19a and 16, Article I, of the Ohio Constitution, the substantive due process guarantee of the United States Constitution, and the equal protection guarantees of the Ohio and United States Constitutions. The trial court rejected all of plaintiffs' constitutional challenges and granted State Farm's motion for summary judgment. Plaintiffs appeal, assigning the following errors:
 ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN NOT HOLDING THAT SENATE BILL 20 IS UNCONSTITUTIONAL ON THE GROUNDS THAT IT VIOLATES ARTICLE I § 19(A) [sic] OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ERRED IN NOT HOLDING THAT S.B. 20 IS UNCONSTITUTIONAL ON THE GROUNDS THAT THE WRONGFUL DEATH BENEFICIARIES HAVE A RIGHT TO A REMEDY GUARANTEED BY ARTICLE I § 16 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. 3: THE TRIAL COURT ERRED IN NOT HOLDING THAT S.B. 20 IS UNCONSTITUTIONAL ON THE GROUNDS THAT S.B. 20 VIOLATES SUBSTANTIVE DUE PROCESS.
 ASSIGNMENT OF ERROR NO. 4: THE TRIAL COURT ERRED IN NOT HOLDING THAT S.B. 20 IS UNCONSTITUTIONAL AS IT VIOLATES THE EQUAL PROTECTION DOCTRINE.
An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when a party moving for summary judgment demonstrates: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) based on the evidence, reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C);State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
Plaintiffs' first assignment of error argues that R.C.3937.18(H) violates Section 19a, Article I, Ohio Constitution, which states: "The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." Considering a similar constitutional challenge, this court recently held that R.C. 3937.44 does not violate Section 19a, Article I, Ohio Constitution, because the statute does not limit the amount of damages a plaintiff may recover in a civil action for wrongful death, but instead permits insurance companies to contractually limit recovery of uninsured motorist benefits. Alrjub v. Wheeler
(June 30, 1999), Franklin App. No. 98AP-1270, unreported (1999 Opinions 1996). Because R.C. 3937.44 is substantially similar to R.C. 3937.13(H), Alrjub is dispositive. Accord Stickney v. StateFarm Mut. Auto. Ins. Co. (Oct. 19, 1998), Richland App. No. 98 CA 7, unreported, discretionary appeal allowed (1999), 84 Ohio St.3d 1504
(applying the same analysis to both statutory provisions). Accordingly, the trial court correctly rejected that constitutional challenge to defendant's motion for summary judgment. Plaintiffs' first assignment of error is overruled.
Plaintiffs' second assignment of error contends that R.C. 3937.18(H) violates the "right to a remedy" provision of Section 16, Article I, Ohio Constitution. This court rejected the same constitutional challenge in Scancarello v. Erie Ins. Co.
(July 25, 1996), Franklin App. No. 96APE02-166, appeal dismissed,78 Ohio St.3d 1469, holding that Am.Sub.S.B. No. 20 does not deprive the wrongful death beneficiary of a meaningful right to a remedy. Rather, the challenged provision only subjects the amount the beneficiary may recover from the insurance carrier to limits set out in the policy. Pursuant to Scancarello, the trial court correctly rejected plaintiffs' constitutional challenge relative to Section 16, Article I of the Ohio Constitution. Plaintiffs' second assignment of error is overruled.
Plaintiffs' third assignment of error asserts that Am.Sub.S.B. No. 20 violates the substantive due process guarantee set forth by the Fourteenth Amendment to the United States Constitution. Essentially, plaintiffs contend that their entitlement to wrongful death benefits is a fundamental right. Because government action which limits the exercise of fundamental rights is subject to strict judicial scrutiny, see, e.g., Sorrellv. Thevenir (1994), 69 Ohio St.3d 415, 423 (citing National Assn.for Advancement of Colored People v. Alabama ex rel. Patterson
(1958), 357 U.S. 449), plaintiffs argue that this court should apply strict scrutiny review in assessing the constitutionality of Am.Sub.S.B. No. 20.
Even if the general recovery of compensation by a wrongful death beneficiary were a fundamental right, plaintiffs have not demonstrated that the challenged provisions of Am.Sub.S.B. No. 20 limit the exercise of that right. As stated in our analysis of plaintiffs' first and second assignments of error, Am.Sub.S.B. No. 20 neither affirmatively deprives wrongful death beneficiaries of a meaningful right to a remedy, nor limits the amount of damages a wrongful death plaintiff may recover in a civil action. Rather, the challenged statutory provisions merely permit an insurance company to set forth in the insurance policy limits on the amount beneficiaries may recover from the insurance company pursuant to the contractual entitlement created by the policy. Because Am.Sub.S.B. No. 20 does not limit the exercise of a discernable constitutional right, plaintiffs' substantive due process challenge must fail. Plaintiffs' third assignment of error is overruled.
Plaintiffs' fourth assignment of error asserts that Am.Sub.S.B. No. 20 violates the equal protection guarantees set forth in Section 2, Article I, Ohio Constitution and theFourteenth Amendment to the United States Constitution. Plaintiffs contend that R.C. 3937.18(H) treats wrongful death beneficiaries in auto insurance cases differently than wrongful death beneficiaries in cases involving other types of insurance, such as homeowners insurance. In Scancarello, supra, this court rejected a similar argument on the grounds that R.C. 3937.18 merely permits, rather than requires, insurance companies to contractually limit recovery by wrongful death beneficiaries whose claims arise under automobile insurance polices. The trial court correctly appliedScancarello in rejecting plaintiffs' equal protection challenge. Plaintiffs' fourth assignment of error is overruled.
Having overruled all four of plaintiffs' assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN, J., concurs.
KENNEDY, J., concurs.