DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the grant of summary judgment issued by the Wood County Court of Common Pleas in a case involving underinsured/uninsured ("UM/UIM") motorist claims. Since we conclude that the trial court properly granted summary judgment as to the choice-of law issue, we affirm.
On December 16, 1998, appellant, Kathyann Morse, was injured when another vehicle struck her automobile in Bowling Green, Ohio. Morse sued Evelyn J. Reiser, the driver of the other vehicle, seeking damages. Morse also sued appellee, Hartford Insurance Company of the Midwest ("Hartford") seeking UIM coverage under a commercial auto policy issued to Morse's employer, Meijer, Inc. Morse based the UM/UIM claims on the rationale and legal precedent of Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 85 Ohio St.3d 660.
 {¶ 2} Hartford moved for summary judgment arguing that Ohio law, i.e. Scott-Pontzer, did not apply to interpret Morse's insurance policy. Rather, Hartford contended that Michigan law was applicable, and that Morse was not an insured under the policy pursuant to Michigan law. The trial court granted Hartford's motion for summary judgment. Morse now appeals that judgment setting forth the following sole assignment of error:
 {¶ 3} "The trial court erred in granting the motion for summary judgment of Appellee, Hartford Insurance Company of the Midwest."
 {¶ 4} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, "construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). On appeal, an appellate court reviews summary judgments de novo, independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41.
 {¶ 5} Morse contends that the trial court erred in determining that her insurance contract should be interpreted under Michigan law, rather than the law of Ohio. We disagree.
 {¶ 6} Inquiries "involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971)." Ohayon v. Safeco Ins. Co. of Illinois(2001), 91 Ohio St.3d 474, paragraph two of the syllabus. Section 187 provides that the law of the state chosen by the parties to the contract governs their contractual rights and duties. Id. at 477. When the parties have failed to choose the governing law, Section 188 sets out factors for the court to apply to determine which state's law applies; those factors include the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the contracting parties. Id. at 479.
 {¶ 7} The Ohayon court further elaborated on an important factor stating, "the rights created by an insurance contract should be determined `by the local law of the state which the parties understood was to be the principal location of the insured risk during the term ofthe policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties. * * * In the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question.'" Id. at 479. (Internal citations omitted). "An insured risk, namely the object or activity which is the subject matter of the insurance, has its principal location * * * in the state where it will be during at least the major portion of the insurance period." Restatement at 611, Section 193, Comment b. "The principal location of the insured risk described in Section 193 neatly corresponds with one of Section 188's enumerated factors — the location of the subject matter of the contract." Ohayon, supra at 480.
 {¶ 8} In this case, we can find nothing in the Hartford policy which specifically designates the law to be applied to interpret the contract language. However, to accommodate the three locations where Meijer company vehicles are to be primarily utilized, the Hartford policy contains three separate UM/UIM endorsements for application in Michigan, Indiana, or Ohio. The Michigan endorsement specifically applies to a "covered `auto' licensed or principally garaged in * * * Michigan * * *." Likewise, the Indiana and Ohio endorsements apply, respectively, to autos "principally garaged in" Indiana or Ohio.
 {¶ 9} In addition, it is undisputed that Morse resided in Michigan, worked at a Meijer store located in Michigan, and drove her own vehicle which was registered in Michigan. Meijer is incorporated in and has its principal place of business in Michigan. In the present case, the only connection to Ohio is that the accident happened to occur in Ohio.
 {¶ 10} In our view, applying the Ohayon factors to the present case, the principal location of the insured risk covered by the Hartford policy was Michigan. Thus, we conclude, as did the trial court, that Michigan has the most significant relationship to the insurance transaction and Morse, as a potentially insured party. Therefore, Ohio substantive law, including Scott-Pontzer, supra, does not apply and we conclude that the trial court properly granted summary judgment as to the choice-of-law issue.
 {¶ 11} Accordingly, Morse's sole assignment of error is overruled.
 {¶ 12} The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.