OPINION
{¶ 1} Defendant-appellant, Allstate Insurance Company ("Allstate"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for partial summary judgment of plaintiff-appellee, Daniel Weinsziehr, individually and as natural father and guardian of Coy Weinsziehr. Allstate assigns a single error:
The trial court erred in granting the motion for partial summary judgment filed by appellee Daniel Weinsziehr and in denying the motion for summary judgment of appellant Allstate Insurance Company.
Because the trial court erred in finding an ambiguity in the Allstate policy, and thus erred in granting summary judgment to plaintiff and denying Allstate's summary judgment motion, we reverse.
 {¶ 2} On June 30, 1999, Coy Weinsziehr was operating a 1988 Honda motorcycle when he was involved in an accident caused by the negligence of an underinsured driver, William Romine, who had $15,000 in liability coverage. Allstate had issued a motorcycle insurance policy covering the motorcycle Coy was operating at the time of the accident. Pursuant to that policy, Coy had underinsured coverage in the amount of $25,000 per person. Allstate admits Coy is entitled to underinsured benefits of up to $10,000 under that policy.
 {¶ 3} On the date of the collision, plaintiff owned two other vehicles; Allstate also insured them under a policy that provided underinsured coverage with limits of $100,000. An exclusion in that policy states:
Uninsured Motorists Insurance Coverage SS
Section 1 — Bodily Injury Caused By Uninsured Motorists
General Statement of Coverage
* * *
Exclusions — What Is Not Covered
* * *
Allstate will not pay any damages an insured person is legally entitled to recover because of bodily injury:
* * *
3. while in, on, getting into or out of, or getting on or off, or when struck by a motor vehicle which you own which is insured for this coverage under another policy.
Based on the exclusion, Allstate refused to pay underinsured benefits under the policy. On May 4, 2001, plaintiff filed a complaint for declaratory relief, requesting that the court declare the policy at issue provides underinsured benefits to Coy.
 {¶ 4} On September 20, 2001, Allstate filed a summary judgment motion that the trial court denied. Plaintiff then filed a motion for partial summary judgment that the court granted; at the same time, it denied Allstate's motion for reconsideration of the judgment denying Allstate's summary judgment motion.
 {¶ 5} In reaching its decision on the summary judgment motions, the trial court addressed the exclusion in Allstate's policy and concluded Allstate's "policy, as written, only excludes a person who is also an insured under another $100,000.00 UIM policy. At the very least, the Court finds that the language used by [Allstate] in the exclusion (i.e. `this coverage'), is ambiguous and susceptible to two or more interpretations. As such, the Court finds that the exclusion should be construed against [Allstate], and liberally in favor of Plaintiff." (Trial Court Nov. 6, 2001 Decision, 6.)
 {¶ 6} Although the issue of damages had not yet been determined, the parties appeared not to dispute that Coy's damages exceeded the limits of Allstate's policy, and the trial court thus found no just reason for delay. In its timely appeal, Allstate asserts the trial court erred in finding the exclusion in its policy to be ambiguous and in construing it against Allstate.
 {¶ 7} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41. Because no disputed factual issues exist, we examine only the court's application of the law to the undisputed facts. In that regard, the issue on appeal reduces to an analysis of that portion of the exclusion that states: "which is insured for this coverage under another policy." Plaintiff contends "this coverage" means $100,000 underinsured coverage; Allstate contends "this coverage" means underinsured coverage of any amount.
 {¶ 8} Where language in an insurance policy is unambiguous and clear, "courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties." Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189. By contrast, where "provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. The words used in an insurance policy "must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." Gomolka v. State Auto. Mut. Ins. Co. (1982),70 Ohio St.2d 166, 167-168.
 {¶ 9} In Gaines v. State Farm Mut. Auto. Ins. Co. (Apr. 30, 2002), Franklin App. No. 01AP-947, this court considered language similar to that in the exclusion in Allstate's policy. The exclusion at issue in Gaines stated: "[w]hile operating or occupying a motor vehicle owned or leased by, furnished to, or available for the regular use of you, your spouse or any relative if it is not insured for this coverage under this policy." (Emphasis sic.) The appellant in that case contended the provision was ambiguous, as the exclusion, "taken literally, `actually precludes [uninsured motorist] coverage for all insureds, because it precludes coverage whenever the insured is operating a vehicle that is not insured for [uninsured motorist] coverage, which is every vehicle insured by State Farm — as the policy indicates, it is the insured individual, not the vehicle that has [uninsured motorist] coverage.'" Id. (Emphasis sic.)
 {¶ 10} In analyzing the language of the opinion, this court rejected the contention that the policy language was ambiguous. Instead, we concluded "that the policy unambiguously excludes uninsured motorist coverage for bodily injury to an insured when the insured is operating or occupying a vehicle owned by the insured but the vehicle is not covered under the State Farm policy." Id. See, also, Justice v. Hastings Mut. Ins. Co. (Sept. 9, 1992), Pickaway App. No. 91 CA 12 (concluding that an exclusion stating "which is not insured for this coverage under this policy" is clear and unambiguous in excluding coverage for an insured occupying a motor vehicle owned by the insured but not covered under the automobile policy at issue).
 {¶ 11} Plaintiff nonetheless contends "this coverage" in the policy at issue means $100,000 in underinsured coverage. Because plaintiff had underinsured coverage in lesser amounts through the separate policy issued to insure Coy's motorcycle, plaintiff contends the motorcycle is not insured for "this coverage" under another policy. Contrary to plaintiff's contentions, however, coverage refers to the type of coverage, such as liability, uninsured, or underinsured. By contrast, "limits" refers to the amount of coverage. The policy here consistently refers to coverage as uninsured or underinsured, and it separately refers to the dollar amount of coverage as limits. Because the motorcycle Coy was operating was insured under a separate motorcycle insurance policy that included underinsured coverage, Coy had "this coverage" through the policy issued to cover the motorcycle. While the limits of coverage were not identical to those in the policy at issue, both policies offered underinsured coverage.
 {¶ 12} Indeed, other opinions addressing identical language, but in a different context, are instructive here. In Allstate Indem. Co. v. Grange Mut. Cas. Co. (Sept. 10, 1992), Franklin App. No. 91AP-1453, this court addressed policy language that stated: "If the injured person was occupying a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will only pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy." Plaintiff's contentions, if accepted, would lead to the incongruous result that the excess provision of the policy in Grange never would apply. See id. (finding proportionate excess coverage in the two policies at issue); Hanney v. Allstate Ins. Co. (Jan. 11, 1991), Ottawa App. No. 89-OT-47.
 {¶ 13} In the final analysis, because the policy at issue unambiguously excludes coverage when the motor vehicle is insured for underinsured coverage under another policy, the trial court erred in granting partial summary judgment to plaintiff and in denying Allstate's summary judgment motion. Allstate's single assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court with instructions to enter judgment for Allstate.
Judgment reversed and case remanded with instructions.
LAZARUS and WATSON, JJ., concur.