DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted appellee's motion for summary judgment and dismissed appellant's complaint alleging negligent medical treatment. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in awarding defendant/appellee summary judgment when genuine issues of material fact were still in existence.
 {¶ 4} "II. The trial court erred in improperly granting summary judgment on infliction of severe emotional distress and by failing to address plaintiff/appellant's claim for negligent medical malpractice."
 {¶ 5} In October 2000, appellant was treated several times by appellee Christine Johnstone, M.D. for injuries appellant had received earlier in an automobile accident on October 23. During a physical exam conducted on October 30, 2000, appellee indicated in her progress notes that she believed appellant had been using cocaine prior to her last office visit. Appellee's notes read: "I believe by physical exam the patient was using cocaine on Friday before her office visit. Concern of possible post-cocaine rhabdomyolysis in this patient * * *."
 {¶ 6} On October 25, 2001, appellant filed a complaint in which she alleged that appellee was negligent in her diagnosis of appellant and that as a result she incurred a loss of compensation for her automobile accident claim and suffered severe emotional distress. On May 19, 2003, appellee filed a motion for summary judgment which was granted by the trial court on October 1, 2003. In its judgment entry, the trial court found that appellant had failed to state a cause of action for recovery under the theory of negligent infliction of emotional distress arising from appellee's notations concerning possible cocaine use in her medical chart, and that appellant had failed to provide evidence to support her claim that she was denied employment and forced to accept a depreciated settlement as a result of the notations made in her medical records. It is from that judgment that appellant appeals.
 {¶ 7} In her first assignment of error, appellant presents the general assertion that the trial court erred in awarding appellee summary judgment when general issues of material fact existed as to whether she incurred any damages and if so, to what extent, and as to whether the treatment rendered by appellee fell below the acceptable standard of care for a medical doctor practicing in the field of general medicine. In her second assignment of error, appellant further asserts that the trial court failed to address her claim for negligent malpractice and that the court erred by granting summary judgment as to the issue of the infliction of severe emotional distress. These two assignments of error will be addressed together.
 {¶ 8} The common pleas court's entry of summary judgment is subject to a de novo standard of review. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41. Thus, we conduct our own independent review to determine if summary judgment was appropriate. McGee v. Goodyear Atomic Corp. (1995),103 Ohio App.3d 236, 241. In so doing, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 9} Appellee testified at deposition as to treating appellant in October 2000, and specifically as to her belief that appellant may have used cocaine prior to one of her office visits with appellee. Appellee testified that her belief was based on several factors: dangerously elevated blood pressure, a history of recurrent nosebleeds, and chronic weight loss. Appellee stated that while she did not test appellant for the presence of cocaine in her system, the notations she made were based on her objective findings of elevated blood pressure, acute and chronic nasal septum abnormality, chronic weight loss, and tenderness in the large muscle groups, which sometime appears in cocaine users. Appellee also testified that appellant's agitated state at the time of her April 23, 2000 exam was a further indication to her of probable recent cocaine use. She stated that appellant denied recent drug use. She further testified that at no time did she make a diagnosis that appellant was drug dependent or had a drug abuse problem.
 {¶ 10} Appellant also submitted the affidavit of Gerald J. Hansen, III, M.D., who had reviewed appellee's notations in appellant's medical records. Dr. Hansen stated his opinion that appellee's treatment and diagnosis of appellant fell below an acceptable standard of care, skill, and diligence and that the notation made following the October 30, 2000 exam was improper when there was "no history of drug abuse, no toxicology showing proof of drug abuse, no additional evidence of drug abuse, and no physical findings to substantiate that diagnosis."
 {¶ 11} Along with her motion for summary judgment, appellee submitted the affidavit of James Grandowicz, a claims representative for Auto-Owners Insurance Company, who attested that appellant's claim involving injuries she suffered in a car accident with an Auto-Owners insured was assigned to him. Grandowicz stated that on February 27, 2001, he spoke with appellant's attorney and reached a settlement regarding appellant's claim. He further stated that he did not review appellant's medical records prior to reaching the settlement and that the records were not provided to him until some time after March 6, 2001, when appellant's attorney sent them to him.
 {¶ 12} Appellant testified at deposition that she saw appellee on October 27 and October 30, 2000, following a car accident on October 23. Appellant stated that she went to see appellee on October 27 for a check-up related to the accident and again on October 30 because she was not feeling well. Appellant stated that when appellee asked her if she was taking any drugs she said she was not. As to the issue of lost employment opportunities, appellant testified that she was interviewed for a job in 2002, and that the potential employer asked her to have a physical. Appellant testified that the interview went well but that after she had the physical she was turned down for the job without explanation. Appellant further stated that she believed she was turned down for the job because of the notation regarding possible cocaine use in her medical records, which she had agreed to release to the employer's doctor. She also testified that other injuries she claimed as a result of the statement in her medical records included stress and embarrassment but that she had not sought psychological counseling of any sort as a result. Appellant did not testify as to any other job rejections which might be attributed to the notations in her medical records.
 {¶ 13} We note that appellant states on appeal that the trial court erred by addressing a claim for infliction of severe emotional distress, which she claims she did not set forth in her complaint. In paragraph 9 of her complaint, however, appellant alleges that as a result of appellee's negligence she suffered severe emotional distress. This argument is therefore without merit.
 {¶ 14} "Serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. Paugh v.Hanks (1983), 6 Ohio St.3d 72, paragraph 3a of the syllabus. In the case before us, appellant claims that appellee negligently inflicted such emotional injury upon her. In her deposition, however, appellant stated that she was "insulted" that her doctor would think she had used cocaine and said she was injured by the stress of knowing that such a reference was contained in her medical records. Further, she testified that she has not sought counseling of any sort as a result of the mental stress and has not experienced any limitation in her activities as a result of the notation. Based on the foregoing, we find that there is no issue of material fact as to the claimed negligent infliction of severe emotional distress.
 {¶ 15} Appellant further claims that she was denied employment as a result of appellee's actions. However, appellant merely suspects that the notation in her file was the reason she did not get the job for which she applied in 2002. Appellant testified that she was turned down for the job without explanation and indicated that such a rejection had never happened to her before. Appellant presented no evidence that she agreed to the release of her medical records to the potential employer, that her medical records were actually reviewed by anyone who was in a position to hire her, or that, if the employer was aware of the notation in her medical records, the reference to possible cocaine use was in fact the reason she was not hired.
 {¶ 16} Appellant also claims that she was forced to accept a reduced settlement from the insurance company after her automobile accident as a result of the notation in her file. However, the record before us contains the affidavit of the insurance adjuster in which he states that he did not review appellant's medical records prior to reaching a settlement with her attorney.
 {¶ 17} This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that there exists no genuine issue of material fact as to negligent infliction of severe emotional distress, loss of employment opportunities or a decreased insurance settlement as a result of the notation in her medical records and that, when construing the evidence that was before the trial court most strongly in favor of the non-moving party, appellee is entitled to summary judgment as a matter of law. Accordingly, appellant's first and second assignments of error are not well-taken.
 {¶ 18} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., concur.