OPINION
{¶ 1} Appellant, CARs Receivables Corporation ("appellant"), filed this appeal seeking reversal of the trial court's grant of summary judgment in favor of appellee, Bank One Trust Company, N.A. ("appellee"). Appellant alleges a single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS OF PLAINTIFF-APPELLANT'S COMPLAINT FOR BREACH OF CONTRACT.
 {¶ 2} The relevant facts are as follows. Appellant is a wholly owned subsidiary of Continental Auto Receivables, Inc. ("Continental"), an originator of loans made to consumers for the purpose of purchasing motor vehicles. Appellant and appellee entered into a series of four contracts in which groups of loans were sold to four separate trusts, for each of which appellee served as trustee. The first two agreements, entered into in 1998 and 1999, respectively, were titled Pooling and Servicing Agreements, and contained substantially identical terms. The second pair of agreements were entered into in 2000, were titled Sale and Servicing Agreements, and contained terms that were substantially identical to each other but varied in some respects from the 1998 and 1999 agreements.
 {¶ 3} The purchase price for each of these transactions was financed by the sale of note certificates to third-party investors. These note certificates called for payment of interest at a fixed rate, with payments to be made from collections on the underlying consumer loans. The contracts required purchase of insurance policies to ensure that the third-party investors would receive all required payments. MBIA Insurance Corporation and Royal Insurance Company (collectively "the insurers") issued the policies called for by the contracts.
 {¶ 4} The contracts each provided for appointment of a servicer, which was the party responsible for ensuring that all loan payments were received, including taking any actions necessary to collect unpaid amounts. Continental was originally appointed as the servicer, with appellee as backup servicer. Continental was later removed as servicer, and appellee moved into the role of primary servicer.
 {¶ 5} Each contract also included a provision setting forth the manner by which all money received would be distributed. This provision called for distribution of funds according to a set order, including payment of appellee's fees as trustee and servicer, payments to insurers for premiums and for reimbursement for claims paid, and payments to the third-party investors. The final step in this distribution order called for any residual funds remaining after completion of all other required payments to be paid to appellant.
 {¶ 6} After appellee took over as servicer from Continental in 2002, the amount of residual payments appellant received decreased. On August 4, 2004, appellant filed this action, alleging that appellee breached the contract by: (1) failing to service the loans properly, (2) paying the insurers more than they were entitled to receive, and (3) paying itself a fee as the backup servicer. Appellant claimed that these actions taken by appellee were the cause of the decrease in residual payments to appellant.
 {¶ 7} Appellee filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law because none of the duties that were allegedly breached were duties appellee owed to appellant. Specifically, appellee argued that the contract's language regarding its duties as servicer and trustee provided that those duties were owed only to the insurers and the certificate holders, and not to appellant. The trial court granted appellee's motion for summary judgment, finding that the contracts did not create any duties appellee owed to appellant.
 {¶ 8} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels.Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.
 {¶ 9} In support of its motion for summary judgment, appellee first points to language in those sections of the agreements setting forth the servicer's duties to support its claim that those duties were owed to parties other than appellant. Section 4.1 of both the 1998 and 1999 agreements states, in relevant part:
 Duties of Servicer. The Servicer as agent for the Trustee, and for the benefit of the Certificate Insurer and Certificateholders, shall manage, service, administer, and make Collections on the Receivables in accordance with all applicable laws and with reasonable care, using that degree of skill and attention that the Servicer exercises with respect to all comparable automotive receivables that it services for itself or others. * * *
In each of the 2000 agreements, Section 3.3 uses slightly different language in stating that:
 Realization Upon Receivables. (a) On behalf of the Trust, the Security holders and the Insurer, the Servicer shall use all reasonable efforts, consistent with its customary servicing procedures * * *.
 {¶ 10} Appellee argues that the use of the words "for the benefit of" and "on behalf of" places a limitation on the duties owed by the servicer because appellant is not identified in the list that follows those words, and therefore is not owed that duty. As a general principle of contract law, a contract with multiple parties may include duties that a promisor owes only to some, but not all, of the promisees. As set forth in the Restatement of the Law 2d, Contracts (1981), Joint and Several Promises, Section 297:
 Where a party to a contract makes a promise to two or more promisees or for the benefit of two or more beneficiaries, the manifested intention of the parties determines whether he promises the same performance to all, a separate performance to each, or some combination.
See, also, Berry Harvester Co. v. Walter A. Wood Mowing ReapingMachine Co. (N.Y.App. 1897), 152 NY, 540, 46 N.E. 952.
 {¶ 11} Viewing the contracts in their entirety, we cannot say that they evince a manifest intention to exclude appellant as a party to whom appellee's duties as servicer flowed. Other sections of the contracts refer to servicer duties without use of the words "for the benefit of" or "on behalf of." For example, Section 4.2 of the 1998 and 1999 agreements states:
 Collection of Receivable Payments. (a) The Servicer shall use all reasonable efforts to collect all payments called for under the terms and provisions of the Receivables as and when the same shall become due and shall follow such collection procedures as it follows with respect to all comparable automotive receivables that it services for itself or others. * * *
Section 3.1 of the 2000 agreements provides:
 Duties of the Servicer. * * * The Servicer agrees that its servicing of the Receivables shall be carried out in accordance with customary and usual procedures of institutions that service motor vehicle retail installment contracts and promissory notes and, to the extent more exacting, with the degree of skill and attention that the Servicer exercises from time to time with respect to comparable motor vehicle receivables that it services for itself or others. * * *
 {¶ 12} On the whole, it simply does not appear that the use of the words "for the benefit of" and "on behalf of" was intended to place any limitation on the duties owed by the servicer. It appears far more likely that the words were intended to make it explicit that the insurers and certificate holders were intended beneficiaries of the duties owed by the servicer, a provision it would make sense to include given the fact that the insurers and certificate holders were not parties to the agreements.
 {¶ 13} Furthermore, it is clear that appellant is an intended beneficiary of the duties owed by the servicer. The contracts provide for payment to appellant of any residual funds left after completion of all required payments. The existence of funds from which any residual payment would be made to appellant depended upon how successfully appellee performed the servicing duties. Had it been the intention of the parties to exclude appellant as a party to whom servicer duties flowed, language could have been included that would have definitively accomplished that purpose.
 {¶ 14} As further support for its motion for summary judgment, appellee argues that the contracts differentiate between duties owed by appellee as servicer and duties owed by appellee as trustee. Appellee argues that the trustee duties were purely mechanistic, involving only making payments to those parties to whom payment was owed. Thus, appellee claims that the only duty owed to appellant is the duty to make required payments to appellant, and appellant's complaint did not allege the failure to make any payments.
 {¶ 15} Appellee also argues that, as with the servicer duties, the contract includes language that excludes appellant from the list of those to whom trustee duties were owed. Similar to its argument regarding the servicer duties, appellee relies on language in Section 5.1 of the 1998 and 1999 agreements and Section 4.1 of the 2000 agreements stating that the account appellee held as trustee was held for the benefit of the insurers and certificate holders. Appellee claims this language acts as a limitation on the duties appellee owed as trustee.
 {¶ 16} As with our discussion of appellee's arguments regarding the servicer duties above, the language appellee relies on to support its claim does not manifest an intention to exclude appellant from any duties owed as trustee. Nor do we agree with appellee's claim that the only duty it owed to appellant is the duty to make residual payments to appellant when funds were left after all other payments were made. As stated above, the inclusion of appellant as an intended beneficiary of residual payments, even though such payments would only be made if funds were available after payment of the other beneficiaries, gives rise to a duty owed to appellant that goes beyond simply making payments when appropriate. That duty requires appellee when making payments under the contract to refrain from making payments greater than those actually owed to those preceding appellant in the order of distribution.
 {¶ 17} In its brief, appellee argues that appellant is seeking to obtain something for which it did not pay: an assurance that it would receive a specific level of residual income. It is clear that the contract does not guarantee any level of residual income to appellant. Thus, appellant's claim that it received less money than it expected when it entered these contracts would not, by itself, establish any liability on appellee's part. Appellee may have properly carried out all the duties required by the contracts, and the end result may still have been that appellant received less in residual payments.
 {¶ 18} Appellee's motion for summary judgment, and the trial court's decision, focused entirely on the question of whether appellee, as a matter of law, owed any duty to appellant, and not on the factual question of whether appellee fulfilled that duty. We find that the contracts did, as a matter of law, establish duties appellee owed to appellant — the duty to use reasonable efforts to properly service the loans consistent with customary servicing procedures, and the duty to ensure that payments made to those preceding appellant in the distribution order did not exceed the amounts actually owed.
 {¶ 19} Consequently, we find that appellee was not entitled to judgment as a matter of law. The judgment of the trial court is reversed, and this case is hereby remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed;
 cause remanded.
BRYANT and BROWN, JJ., concur.