OPINION
{¶ 1} Plaintiff-appellant, Linda Castrataro, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Kenneth Urban, M.D. Because the trial court properly granted defendant's summary judgment motion, we affirm.
 {¶ 2} Plaintiff originally filed a complaint against defendant on April 10, 1997, asserting that on or about June 9, 1995, defendant negligently failed to diagnose and treat plaintiff's medical condition, Epstein-Barr virus. Defendant ultimately filed a summary judgment motion that the trial court granted. On appeal, plaintiff assigned multiple errors, most of which this court overruled. Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219. We, however, concluded one of plaintiff's assignments of error had merit, and thus determined the trial court erred in granting summary judgment to defendant. Accordingly, we reversed the judgment of the trial court and remanded for further proceedings.
 {¶ 3} Plaintiff dismissed her complaint on March 31, 2000, and re-filed the complaint on March 13, 2001, again alleging defendant negligently failed to diagnose and treat her Epstein-Barr condition. Following defendant's answer, plaintiff filed a motion for arbitration; the trial court granted it on May 14, 2001. On June 4, 2002, the arbitrators filed a report finding in favor of defendant. Plaintiff appealed the decision to the common pleas court pursuant to local rule. See Loc.R. 103, Franklin County Common Pleas Court, General Division.
 {¶ 4} On November 19, 2002, defendant filed a summary judgment motion, attaching to it a portion of the deposition of plaintiff's expert, Ravi Krishnan, M.D., and an affidavit from Michael E. Yaffe, M.D. Plaintiff responded on December 2, 2002, with a memorandum contra, including a report from Dr. Krishnan that stated defendant had not properly followed up on a heart murmur discovered during defendant's treatment of plaintiff. Plaintiff also filed a motion requesting an oral hearing on the summary judgment motion due to the "complexity" of defendant's arguments.
 {¶ 5} On December 2, 2002, plaintiff also filed both a motion requesting that the case schedule be amended due to the arbitration proceedings, as well as a motion to extend discovery. The next day, the cut-off date for discovery, plaintiff filed requests for admissions and her first set of interrogatories, and defendant filed Dr. Krishnan's deposition. Plaintiff followed with a December 16, 2002 motion for the trial judge to recuse herself from the case, a December 19, 2002 motion to compel discovery, and a December 24, 2002 motion to file an amended complaint.
 {¶ 6} On January 17, 2003, the trial court granted defendant's motion for summary judgment and at the same time denied plaintiff's motion to amend the case schedule. Plaintiff timely appeals, assigning the following errors:
I. The trial court erred in denying plaintiff-appellant a new case schedule after the arbitration hearing on May 17, 2002 was appealed de novo according to the local rules of arbitration; local rule 103.14.
II. The trial court erred in not suppressing the deposition by Dr. Krishnan on September 19, 2002. This deposition did not follow correct civil procedure according to Ohio Civil Rule 30 and Civil Rule 32. The deposition was not conducted properly in the form of questions and answers by the deponent and in the failure to properly certify and review the deposition.
III. The trial court erred in not granting a motion for extension of time for discovery due to the need for continuing supplemental discovery for expert testimony after the December 3, 2002 deadline, the discovery cut-off date.
IV. The trial court erred in denying plaintiff-appellant's motion to amend the case schedule filed on 12-02-02. The court should have granted this motion due to the appeal de novo filed on 6/14/02 and local arbitration rules.
V. The trial court erred in granting defendant-appellee's motion for summary judgment. Summary judgment should not have been granted due to the appeal of arbitration by plaintiff and to the basis of motion as stated by defendant.
VI. The trial court erred in granting defendant's motion for summary judgment. Documentary evidence at that time show that issues of material fact were disputed between the parties and thus precluded a summary judgment motion.
VII. The trial court erred in not moving to have material evidence examined after granting summary judgment. The court erred in granting defendant's motion and subsequently disposing of the case in all its entirety without a hearing or directing the court to obtain more evidence from either parties. This is contrary to Ohio Civil Rule 56.
VIII. The trial court erred in granting defendant's motion for summary judgment by stating that the standard to provide expert testimony is essential to a prima facie case of medical malpractice. This statement is against the rules of summary judgment law and procedure in Ohio.
IX. The trial court erred by failing to notice appropriate evidence regarding the standard of care of Doctor Urban.
X. The trial court erred by not recusing itself from the action when it stated that it could not hold any hearings on the case to case overload and time constraints. This pattern of abuse of discretion of the court by the judge is apparent throughout this case and the previous case. This behavior is prejudicial to plaintiff in her cause of action.
 {¶ 7} Plaintiff's first and fourth assignments of error are interrelated, and we address them jointly. Together they assert the trial court erred in denying plaintiff a new case schedule after the arbitration decision and her appeal de novo of that decision pursuant to local rule. Although plaintiff's contention is not entirely clear, her argument suggests a misunderstanding of the de novo proceedings in the trial court. The de novo review of plaintiff's case following arbitration means the trial court considers the matter before it without any deference whatsoever to the decision of the arbitrators. In essence, the matter proceeds before the trial judge as if the arbitration had not occurred. Accordingly, despite the arbitration, the trial court properly could determine defendant's summary judgment motion because, in the absence of the arbitration, the trial court could have determined the case on summary judgment, if appropriate. Civ.R. 56. Moreover, nothing in arbitration, or the de novo appeal before the trial court following arbitration, required or suggested the need for the trial court to amend the case schedule. Plaintiff's first and fourth assignments of error are overruled.
 {¶ 8} Plaintiff's second assignment of error asserts the trial court erred in refusing to "suppress" the deposition testimony of her expert witness, Dr. Ravi Krishnan. On the day scheduled for Dr. Krishnan's deposition, counsel for defendant noted for the record that plaintiff originally had identified Robert T. Maycock, M.D., as her expert witness. Defendant asked that plaintiff provide him with deposition dates for Dr. Maycock, but plaintiff failed to do so. Defendant ultimately contacted Dr. Maycock directly, and he declined to serve as an expert witness for plaintiff.
 {¶ 9} Defendant's counsel, continuing her explanation, stated that after plaintiff identified Dr. Krishnan as her expert, defendant again asked for deposition dates, and plaintiff refused to provide any. Defendant again directly contacted plaintiff's expert and scheduled Dr. Krishnan's deposition for September 19 at 4:00 p.m. Despite defendant's having sent a notice of the deposition to plaintiff, plaintiff did not appear at the deposition.
 {¶ 10} Plaintiff seems to contend defendant violated Civ.R. 30 and 32 in abandoning a question and answer format in the deposition and in failing to obtain Dr. Krishnan's signature to the deposition transcript. Contrary to plaintiff's contentions, the deposition was conducted through defense counsel's inquiries and Dr. Krishnan's answers. Moreover, Dr. Krishnan waived reading and signing the deposition transcript. See Civ.R. 30(E). Because our examination of the record discloses no violation, plaintiff's second assignment of error is overruled.
 {¶ 11} Plaintiff's third assignment of error asserts the trial court erred in not granting her an extension of time for discovery after the December 3, 2002 discovery deadline. Plaintiff, however, was afforded ample opportunity to find an expert witness in support of her case. She originally filed her case against defendant in 1997, and she knew as a result of the first appeal that an expert witness was necessary. Her second complaint was filed March 13, 2001 and, given a December 3, 2002 discovery deadline, she had over a year and a half after the second complaint was filed to locate an expert witness. The trial court did not err in refusing to extend the discovery deadline for plaintiff. Plaintiff's third assignment of error is overruled.
 {¶ 12} Plaintiff's fifth, sixth, seventh, eighth, and ninth assignments of error all assert the trial court erred in granting summary judgment to defendant. Plaintiff assigns multiple reasons in support of her contention.
 {¶ 13} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 14} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila at 430; Civ.R. 56(E). See, also, Castrataro, supra.
 {¶ 15} Initially, plaintiff contends the trial court erred in granting summary judgment following her appeal de novo of the arbitration proceedings. Again, her argument indicates a misunderstanding of the de novo nature of her appeal. Plaintiff's appeal of the arbitration proceedings simply assured her an opportunity to proceed in her case as if the arbitration had not occurred. Because summary judgment was an appropriate vehicle for resolving plaintiff's complaint in the absence of arbitration, it remained so following the arbitration.
 {¶ 16} Plaintiff also appears to contend the trial court erred in not holding an oral hearing on defendant's motion for summary judgment and in not allowing the parties to present evidence at that hearing in support of their respective positions in the summary judgment proceedings. Plaintiff's argument, however, is difficult to understand. Under Civ.R. 56 and the corresponding Loc.R. 57.01, all Civ.R. 56(C) evidence is to be presented to the trial court in support of and in opposition to a summary judgment motion prior to the date of the non-oral hearing. Plaintiff was afforded the usual amount of time to present such evidence. Moreover, nothing in Civ.R. 56 contemplates an evidentiary hearing on a summary judgment motion. While the trial court, in its discretion, may allow an oral argument on the summary judgment motion, it is not required to do so. Here, the record reveals no evidence of prejudice to plaintiff in the trial court's refusal to conduct an oral argument on defendant's summary judgment motion.
 {¶ 17} To the extent plaintiff contends the trial court erred in determining the summary judgment motion before plaintiff had completed her discovery, we note the discovery deadline was December 3, 2002; the trial court determined the summary judgment motion on January 17, 2003. Plaintiff, by December 3, 2002, should have completed all discovery. If she had not, a Civ.R. 56(F) affidavit would have been necessary to explain to the court why additional time was required. In the absence of a Civ.R. 56(F) affidavit from plaintiff, the trial court did not err in deciding the motion before plaintiff had completed her discovery.
 {¶ 18} Plaintiff also asserts, as she did in her first appeal, that expert testimony is not necessary to her case. Contrary to plaintiff's contentions, plaintiff must have expert testimony to prove her medical malpractice action against defendant. Indeed, in plaintiff's first appeal, this court noted that to prove defendant's negligence "plaintiff had to establish that defendants failed to comply with a recognized standard of care, and proof of that standard must be provided through expert testimony. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127,131-132, 346 N.E.2d 673. * * * Due to her lack of an expert medical witness, plaintiff cannot prevail in the current posture of this case." The trial court correctly concluded plaintiff needed expert testimony to support her claim of medical malpractice.
 {¶ 19} Plaintiff also contends material issues of fact preclude summary judgment in this case. In support of his summary judgment motion, defendant attached excerpts of the deposition of Dr. Krishnan and an affidavit of Dr. Yaffe. Dr. Yaffe opined that defendant's care of plaintiff did not fall below a reasonable standard of care and that his treatment did not proximately cause injury to plaintiff. In his deposition, Dr. Krishnan agreed that, with respect to plaintiff's Epstein-Barr condition, defendant did not violate a standard of reasonable care.
 {¶ 20} Under Civ.R. 56, plaintiff was required to respond to defendant's evidence with Civ.R. 56(C) evidence demonstrating that a genuine issue of material fact exists for trial. Plaintiff could meet her burden with either expert deposition testimony or expert affidavit testimony that stated defendant's detection and treatment of plaintiff's Epstein-Barr condition fell below a reasonable standard of care. Instead, plaintiff filed her own affidavit, expressing her own opinion, that defendant negligently treated her. Her own affidavit, however, is insufficient to create a genuine issue of material fact; she needed the opinion of an expert witness. Because plaintiff failed to respond to defendant's proper evidence with her own Civ.R. 56(C) evidence creating a genuine issue of material fact, the trial court properly concluded no factual issue remained for trial. Plaintiff's own disagreement with defendant's evidence does not create an issue of fact.
 {¶ 21} Lastly, plaintiff contends the trial court failed to note the affidavit of Dr. Krishnan, as well as his report, that plaintiff submitted in opposition to defendant's summary judgment motion. Neither document, however, creates a genuine issue of material fact for trial.
 {¶ 22} More particularly, Dr. Krishnan's report indicates defendant deviated from a reasonable standard of care in his failure to follow-up on a heart murmur defendant detected in his care of plaintiff. Plaintiff's complaint, however, alleged "[d]efendant failed to properly diagnose and treat plaintiff for Epstein-Barr virus on June 9, 1995." Even though Dr. Krishnan's report states defendant deviated from the reasonable standard of care in some respects, he did not so opine with respect to the condition subject of plaintiff's complaint.
 {¶ 23} To the extent the report and affidavit leave any question, the deposition of Dr. Krishnan clarifies the matter. In his deposition, Dr. Krishnan agreed defendant acted within the appropriate standard of care regarding plaintiff's blood tests and plaintiff's treatment as they relate to Epstein-Barr virus. He added that his opinion regarding defendant's deviating from the standard of care referred only to the heart palpitations defendant detected but apparently did not address with a follow-up examination or a referral. He, however, agreed that whatever defendant did or failed to do did not cause plaintiff's Epstein-Barr virus. Finally, even if we were to assume that Dr. Krishnan opined defendant deviated from a reasonable standard of care with respect to defendant's diagnosis and treatment of a condition subject of plaintiff's complaint, Dr. Krishnan did not opine regarding proximate cause, a necessary element in plaintiff's medical malpractice case.
 {¶ 24} In the final analysis, none of plaintiff's contentions are persuasive. The trial court properly granted summary judgment on defendant's evidence because plaintiff failed to demonstrate a genuine issue of fact remaining for trial. Plaintiff's fifth, sixth, seventh, eighth, and ninth assignments of error are overruled.
 {¶ 25} Plaintiff's tenth assignment of error asserts the trial judge erred in refusing to recuse herself. Nothing in the record or plaintiff's motion provides a basis for recusal. The trial court did not err in overruling plaintiff's motion. Plaintiff's tenth assignment of error is overruled.
 {¶ 26} Having overruled all of plaintiff's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, LAZARUS KLATT, JJ., concur.