OPINION
{¶ 1} Defendants-appellants, Liberty Mutual Group et al. ("Liberty Mutual"), appeal from the July 24, 2004 judgment of the Franklin County Court of Common Pleas, granting partial summary judgment in favor of plaintiff-appellee, Lloyd Angel. For the reasons that follow, we reverse and remand.
 {¶ 2} This case involves the issue of whether appellee is entitled to uninsured/underinsured motorist ("UM/UIM") benefits under a contract of insurance issued by Liberty Mutual to Watkins Motor Lines, Inc. ("Watkins"), appellee's employer at the time of a motor vehicle accident. The case turns on whether there was a proper offer and rejection of UM/UIM coverage. The facts of the case are not in dispute.
 {¶ 3} On June 13, 2001, appellee was an employee of Watkins, acting in the course and scope of his employment. Appellee was seriously injured when the tortfeasor, Billy Weaver, ran a stop sign and collided with the semi tractor-trailer appellee was driving. Mr. Weaver and his wife, who was a passenger in the car, died as a result of the accident. Mr. Weaver was an underinsured motorist.
 {¶ 4} On June 25, 2003, appellee filed the instant action, seeking a declaration that Liberty Mutual owed UM/UIM benefits. Appellee also filed a bad-faith claim based on the denial of coverage. The trial court bifurcated the coverage claims from the bad-faith claim and stayed resolution of the bad-faith claim pending resolution of the coverage claim.
 {¶ 5} Both parties moved for partial summary judgment on the issue of entitlement to UM/UIM coverage. Appellee asserted that the 1999 written offer was invalid and, therefore, UM/UIM coverage arose by operation of law. The trial court granted appellee's motion for partial summary judgment and denied Liberty Mutual's motion. On July 29, 2004, the trial court entered judgment including language that the decision was a final appealable order and that there was no just cause for delay. This appeal followed, with Liberty Mutual assigning five assignments of error:
[I.] The Trial Court erred as a matter of law in holding that the Ohio Supreme Court's holding in Linko v. Indemn. Ins. Co. of N. Am. (2000),90 Ohio St.3d 445 precluded it from reviewing the entire insuring agreement plus extrinsic evidence to determine whether the 1999 written offer was a valid, written offer of UM/UIM benefits by Liberty Mutual.
[II.] The Trial Court erred in holding that even if the 1998 written offer was valid under Linko, the 1998 written offer does not apply to the subject policy period because the subject policy period constitutes a new contract of insurance.
[III.] The Trial Court erred in holding Ohio contract law applies to this case.
[IV.] The Trial Court erred in holding that the $500,000 deductible is not a condition precedent to coverage, which applies irrespective of whether UM/UIM coverage is express or arises by operation of law.
[V.] The Trial Court erred in failing to address whether Watkins Motor Lines is a self-insured in the practical sense up to the $500,000 deductible.
{PRIVATE}
 {¶ 6} As to Liberty Mutual's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 7} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id.
Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 8} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 9} In its first assignment of error, Liberty Mutual contends that the 1999 written offer and rejection of UM/UIM coverage meets the requirements set forth by the Supreme Court of Ohio as a matter of law. The trial court, applying cases from the Supreme Court of Ohio and this court, disagreed and granted partial summary judgment in favor of appellee.
 {¶ 10} In Kemper v. Michigan Millers Mut. Ins. Co., 98 Ohio St.3d 162,2002-Ohio-7101, the Supreme Court of Ohio held that the requirements for a valid offer set forth in the case of Linko v. Indemn. Ins. Co. of N.Am. (2000), 90 Ohio St.3d 445, still applied after H.B. No. 261 revised R.C. 3937.18. The Supreme Court of Ohio in Kemper also held that a signed rejection is not an effective declination of UM/UIM coverage in the absence of a valid Linko offer. However, the Kemper court left open the question of whether extrinsic evidence is admissible to prove rejection.
 {¶ 11} This court, in Campbell v. Westfield Ins. Co., Franklin App. No. 02AP-1369, 2003-Ohio-5448, interpreted Linko as requiring a valid offer of UM/UIM coverage to include the premium information, coverage limits, and a brief description of the coverage to be contained in a one-page form. Campbell also stood for the proposition that extrinsic evidence was not admissible to demonstrate rejection.
 {¶ 12} During the pendency of this action, the Supreme Court of Ohio issued its decision in Hollon v. Clary, 104 Ohio St.3d 526, 2004-Ohio-6772. Because this recent Supreme Court of Ohio case was decided after the trial court entered judgment, we must remand the case for further proceedings by the trial court.
 {¶ 13} In Hollon, the Supreme Court of Ohio held that, if an insurer produces a signed written rejection of UM/UIM coverage that was made in response to an offer that included a brief description of the coverage and the coverage premiums and limits, extrinsic evidence may be used to demonstrate the elements of the offer. Id. at syllabus. Hollon involved a prior version of R.C. 3937.18 (as the law existed in 1999). It also clarified Kemper, which had not fully explained whether extrinsic evidence could be used to prove a valid offer of coverage.
 {¶ 14} Since Hollon permits extrinsic evidence to be admitted to demonstrate the elements of an offer, we no longer believe the written offer must be contained in a one-page form as was stated in Campbell. The trial court is permitted to review the entire insurance agreement plus extrinsic evidence to determine whether the 1999 written offer was a valid written offer of UM/UIM benefits by Liberty Mutual. The subsequent rejection and the affidavit of Ronald Chipman, risk manager for Watkins, detailing his knowledge and intent regarding the policy are admissible pursuant to Hollon.
 {¶ 15} Therefore, based on the authority of Hollon, the judgment of the trial court must therefore be reversed and remanded. The first assignment of error is well-taken.
 {¶ 16} With the exception of assignment of error three, the remaining assignments of error are also rendered moot by our disposition of the first assignment of error.
 {¶ 17} In assignment of error three, Liberty Mutual argues that Florida law applies to the insurance contract, not Ohio law. The trial court concluded that because appellee and the tortfeasor resided in Ohio, the truck was principally garaged in Ohio, and the accident occurred in Ohio, that Ohio law, not Florida law should govern. We agree.
 {¶ 18} In Mackie v. Continental Ins. Co., Franklin App. No. 02AP-1305, 2003-Ohio-6188, this court examined the factors set forth inOhayon v. Safeco Ins. Co. of Illinois. (2001), 91 Ohio St.3d 474, and concluded that the location of the insured risk may weigh more heavily than other factors such as the place of contracting. We see no reason to depart from the analysis in Mackie in this case. Under our prior reasoning, Ohio has the most significant relationship and, accordingly, Ohio law governs the contract of insurance at issue in this case. The third assignment of error is not well-taken.
 {¶ 19} Accordingly, appellants' first assignment of error is sustained, the second, fourth and fifth assignments of error are overruled as moot, the third assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part and this cause is remanded for further proceedings in accordance with this opinion.
Judgment affirmed in part reversed in part; cause remanded.
Brown, P.J., and Klatt, J., concur.