OPINION
{¶ 1} Plaintiffs-appellants, Warner C. Blow and Kathy P. Nunamaker (collectively "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment, and granting summary judgment in favor of defendants-appellees, Monument Square Managers, G. Michael Major, and Joseph Recchie (collectively "appellees").
 {¶ 2} The following summary of facts is drawn from the record. In 1983, Monument Square Ltd. ("the Partnership") was formed as an Ohio limited partnership. The Partnership owned and operated real estate and the structures thereon. The Partnership's general partner was an Ohio general partnership, Monument Square Managers ("Managers"). Managers' partners included G. Michael Major ("Major") and J. Recchie ("Recchie"). The Partnership was governed by a written Limited Partnership Agreement ("Partnership Agreement"). To raise capital to fund its operations, the Partnership raised money, in part, through the issuance of promissory notes to its limited partners, including appellants. Three such promissory notes issued in 1988 and 1989 to appellants by the Partnership, acting through its general partner, are the subject of this appeal.
 {¶ 3} On December 2, 2003, appellants filed suit against the Partnership, Pelton Wheeler,[1] and appellees alleging default by the Partnership on the three promissory notes. Appellants' complaint also alleged liability of Managers as the general partner of the Partnership and liability of Major and Recchie as general partners of Managers.[2]
Arguing that the Partnership's liability on the promissory notes should, as a matter of statutory liability of general partners, be extended to Managers, Major and Recchie, appellants moved for summary judgment on September 3, 2004. Appellees filed a memorandum contra and a cross-motion for summary judgment asserting that the Partnership Agreement precludes appellants from recovering the amounts due on the promissory notes from appellees. Additionally, appellees argued the doctrine of laches also precludes appellants' recovery on the notes from appellees.
 {¶ 4} The trial court found that appellants' claims were clearly barred by the terms of the Partnership Agreement and granted judgment in favor of appellees and against appellants. Regarding appellees' laches argument, the trial court found that it did not have sufficient evidence before it so as to conclude that all the elements of the laches doctrine had been satisfied. Appellants timely appeal, and bring the following single assignment of error for our review:
 THE TRIAL COURT ERRED WHEN IT HELD THAT A PROVISION OF A LIMITED PARTNERSHIP THAT UNDER CERTAIN CIRCUMSTANCES INSULATED GENERAL PARTNERS FROM LIABILITY TO LIMITED PARTNERS LIKEWISE INSULATED THE GENERAL PARTNERS FROM LIABILITY WHERE THE LIMITED PARTNERSHIP DEFAULTED ON LOANS MADE TO IT BY LIMITED PARTNERS IN THEIR INDIVIDUAL CAPACITIES.
 {¶ 5} Summary judgment standards are well established. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 6} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment No. 06AP-22 as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn.Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 7} The party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding the essential elements of the claims presented. Dresher v. Burt, (1996), 75 Ohio St.3d 280, 292-293. Conclusory assertions that the nonmoving party cannot prove its case are not sufficient to discharge this initial burden. Id. at 293. Similarly, once the burden is satisfied, one cannot prevent summary judgment by merely restating unsubstantiated allegations contained within the original pleadings. Instead, the nonmoving party must demonstrate the continued existence of a genuine issue of material fact by directing the court's attention to relevant, affirmative evidence of the type listed in Civ.R. 56(C). Id., citing Civ.R. 56(E).
 {¶ 8} Appellate review of summary judgment is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See Dresher, supra; Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41-42.
 {¶ 9} It is undisputed that three promissory notes were tendered to appellants by the Partnership. It is also undisputed that the notes are in default, and the Partnership is liable to appellants for the amounts stated in those notes. However, with the Partnership insolvent, the issue, as alleged by appellants, is whether or not liability for the notes can be imposed upon appellees. The trial court found that pursuant to the Partnership Agreement, such liability could not be compelled. Under their single assignment of error, appellants contend the trial court erred in applying the Partnership Agreement to the promissory notes at issue, and finding that Managers, Major and Recchie are insulated from personal liability on the notes issued by the Partnership.
 {¶ 10} Chapter 1782 of the Ohio Revised Code governs limited partnerships. R.C. 1782.24 provides:
 (A) Except as otherwise provided in this chapter, the partnership agreement, or section 1339.65 of the Revised Code, a general partner of a limited partnership shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners.
 (B) Except as otherwise provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners. Except as otherwise provided in this chapter or the partnership agreement, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to the partnership and to the other partners.
 {¶ 11} The Partnership Agreement at issue provides, at Paragraph 7(e):
 All expenses incurred by the General Partner on behalf of the Partnership shall be paid by the Partnership. The General Partner shall not be liable to the Partnership nor to the Limited Partners for any loss or liability incurred in connection with any act performed or omitted, nor for negligence or any other matter, except for any loss or liability incurred in connection with the willful misconduct or gross negligence of the General Partner.
 {¶ 12} The trial court found that because appellants were limited partners, pursuant to the Partnership Agreement, appellees were not personally liable to appellants. According to appellants, this finding is in error because appellants acted, not as limited partners, but as lenders in their individual capacities when they loaned money to the Partnership, and therefore, R.C. 1782.07 applies. R.C. 1782.07, provides:
 Except as provided in the partnership agreement, a partner may lend money to and transact other business with the limited partnership and, except as otherwise provided by law, has the same rights and obligations with respect to such loans and transactions as a person who is not a partner.
 {¶ 13} Thus, as argued by appellants, the fact that they are lenders and limited partners is of no legal consequence, and Paragraph 7(e) of the Partnership Agreement is not applicable in this instance.
 {¶ 14} To the contrary, appellees assert that both subsections (A) and (B) of R.C. 1782.24 expressly provide that the liabilities of a general partner to the partnership and the other partners may be established in a Partnership Agreement, and R.C. 1782.07 contemplates that partnership agreement provisions will govern the parties' rights and liabilities. We agree, as the statute uses the phrase "except as otherwise provided in the partnership agreement," or words of similar import.
 {¶ 15} R.C. 1782.07 does permit limited partners to lend money to the partnership and be treated as third-party lenders rather than limited partners. However, it is equally clear that when read in pari materia, as is required, R.C. 1782.07 and 1782.24 permit a Partnership Agreement to establish the liabilities of a general partner to the partnership as No. 06AP-22 well as the other partners. "[R]elations between partners are governed by the terms of the partnership agreement, provided such terms are not in conflict with a statute or with public policy considerations." Leigh v. Crescent Square (1992), 80 Ohio App.3d 231,234-235. Thus, we find paragraph 7(e) of the Partnership Agreement is applicable to the promissory notes at issue.
 {¶ 16} Paragraph 7(e) of the Partnership Agreement states that the general partners "shall not be liable to * * * the Limited Partners forany loss or liability incurred in connection with any act performed or omitted, nor for negligence or any other matter." (Emphasis added.) The only exception to this provision is in the instance of willful misconduct or gross negligence, neither of which are evidenced, nor alleged in the matter before us.
 {¶ 17} Thus, we find that the Partnership Agreement precludes liability of Managers, Major and Recchie for the notes at issue, and the trial court was correct in its determination that appellees were entitled to judgment as a matter of law, and appellants, contrarily, were not. Consequently, we overrule appellants' single assignment of error.
 {¶ 18} For the foregoing reasons, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
[1] Defendant Wheeler has been voluntarily dismissed from this action and is not part of this appeal.
[2] While there were additional claims alleged in the complaint, they have been voluntarily dismissed.