[Cite as *Hines v. Univ. of Akron*, 2013-Ohio-5608.]

## IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vince Hines, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-582 |
| | | (Ct. of Cl. No. 2011-11009) |
| University of Akron, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 19, 2013

*Betras, Kopp & Harshman, LLC*, and *David Betras*, for appellant.

*Michael DeWine*, Attorney General, and *Velda K. Hofacker*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Plaintiff-appellant, Vince Hines, is appealing from the summary judgment granted in favor of the University of Akron. He assigns two errors for our consideration:

> I. The trial court failed to apply necessary legal principals and standards for ruling on the accrual date of a cause of action on a motion for summary judgment. Therefore, the trial court committed reversible error in granting the appellee's Motion for Summary Judgment, which was founded solely the alleged expiration of the required statute of limitations period in *R.C. § 2743.16(A)*.
>
> II. In the alternative, the trial court committed reversible error in ruling that the "Savings Statute", *R.C. § 2305.19(A)*, did not apply to the Appellant's action in the Court of Claims.

{¶ 2}   The litigation history of this case is important to understanding the assignments of error.

{¶ 3}   Hines was injured in an automobile collision which occurred on March 19, 2008.  He filed a lawsuit in the Franklin County Court of Common Pleas on March 17, 2010 naming Charmaine D. Dawkins, Willie L. Daniels, Jr., Wassel Bodour and Nationwide Insurance Company as defendants.  The complaint alleged that Hines was a passenger in a motor vehicle being operated by Charmaine D. Dawkins in Columbus, Ohio.  The Dawkins' vehicle allegedly collided with a vehicle being negligently operated by Bodour.  The complaint also alleged that Dawkins negligently operated her vehicle.

{¶ 4}   The complaint also included a claim that a policy issued by Nationwide Insurance Company ("Nationwide") covered Hines at the time of the collision and that Nationwide had made payments for medical costs which were subrogated.

{¶ 5}   On August 19, 2010, the office of the Ohio Attorney General filed a motion in which it alleged that the correct name on the complaint should have been Wassel AlBodour ("AlBodour").  The motion asked that the Franklin county lawsuit against AlBodour be dismissed for lack of subject-matter jurisdiction.  The theory was that AlBodour had been an employee of the University of Akron at the time of the collision and had been "acting in his capacity as an employee" at the time of the collision.  Therefore, the motion alleged, "subject-matter jurisdiction over AlBodour" was only vested in the Court of Claims.  Specifically, the motion alleged that AlBodour was employed as a graduate assistant in the Civil Engineering Department of the University of Akron and was engaged in the course of his employment while operating a motor vehicle in Columbus, Ohio, when the collision occurred.

{¶ 6}   The motion noted that a determination of immunity or, more properly, lack of immunity was required before a state employee could be sued in the common pleas court.  *See* R.C. 2743.16(B).

{¶ 7}   Original counsel for Hines did not resist the motion to dismiss, but filed a notice of voluntary dismissal on September 14, 2010.  Counsel did not request the trial court to stay the case while the immunity issues were addressed by a separate filing in the Court of Claims.  Original counsel dismissed despite an affidavit filed with the Attorney General's motion which indicated AlBodour was on leave of absence on March 19, 2008.

The affidavit indicated that AlBodour received workers' compensation benefits from March 19, 2008, the date of the collision, through April 6, 2008. Needless to say, the fact that AlBodour filed for workers' compensation benefits and was granted such benefits was not binding in the court of common pleas on the issue of whether or not AlBodour was acting within the scope of his employment with the University of Akron when he was injured in an automobile collision in Columbus, Ohio.

{¶ 8} AlBodour also swore out an affidavit which claimed he was acting within his job responsibilities as a graduate assistant because he was in Columbus "to review the progress of a project at the Ohio Department of Transportation." How that job responsibility required him to be in a motor vehicle traveling westbound on West Broad Street in Columbus, Ohio was not directly addressed.

{¶ 9} Nevertheless, Hines' attorney dismissed the common pleas lawsuit without conducting proceedings regarding immunity in the Court of Claims. One year later, on September 12, 2011, Hines obtained new counsel who filed a new lawsuit in the Court of Claims less than one year after the voluntary dismissal in the common pleas court, apparently believing that the Ohio Savings Statute, R.C. 2305.19(A), would protect the lawsuit from a defense based upon the two-year statute of limitations applicable to Ohio governmental entities.

{¶ 10} The University of Akron, now expressly named as a party for the first time, filed a motion seeking summary judgment based upon a theory that the two-year statute of limitations for suing an entity which is part of the state of Ohio had expired. *See* R.C. 2743.16(A).

{¶ 11} This case presents a very troubling scenario. A graduate student from the University of Akron is operating a motor vehicle in the Columbus area. The vehicle, as acknowledged in the university's memorandum, is the graduate student's own vehicle. The collision occurs not on state property but on a public street. In short, there was nothing about the collision that would alert a person injured in the collision to the defense that a person arguably responsible for the collision was a state employee acting within the scope of the person's employment with the state.

{¶ 12} Further, in this case, the state of Ohio was on notice of the collision. AlBodour filed for personal leave to allow him to recover from his injuries. The University

of Akron was notified of at least some of the details of his injuries through his filing for leave.

{¶ 13} As a result of the injuries, AlBodour also filed for and received workers' compensation. Details of the collision would have been provided to the University of Akron as part of that filing which required the employer to submit forms to the Bureau of Workers' Compensation.

{¶ 14} Original counsel for Hines waited until the last minute to file a lawsuit. A few months later, the Ohio Attorney General's office first put counsel on notice of the potential immunity that AlBodour was a state employee acting within the scope of his employment with the University of Akron. Upon receiving that notice, Hines' counsel should have asked the common pleas court to stay the common pleas action while the immunity issue was resolved in the Court of Claims. If the Court of Claims found Hines not to have been a state employee, the common pleas court case could have proceeded.

{¶ 15} The Ohio Attorney General asserted to the Court of Claims that the failure of counsel for Hines to pursue immunity does not matter because the two-year statute of limitation had elapsed before the University of Akron was named as a party in a lawsuit and therefore entitled to summary judgment as a matter of law. We are not inclined to accept that argument.

{¶ 16} Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 17} De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds. *See Dresher; Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 18} The University of Akron argues that the applicable statute of limitations bars Hines claims. R.C. 2743.16(A). The discovery rule, however, acts as an exception that did not cause the statute of limitations to begin to run until the Attorney General's office alerted Hines in August 2010 that AlBodour was an employee of the University of Akron.

{¶ 19} In *Norgard v. Brush Wellman, Inc.,* 95 Ohio St.3d 165, 2002-Ohio-2007, the Supreme Court of Ohio departed from the general rule that a statute of limitations begins to run at the time the wrongful act was committed. As discussed in *Luft v. Perry Cty. Lumber & Supply Co.*, 10th Dist. No. 02AP-559, 2003-Ohio-2305, ¶ 55:

> [A]n employee sued his employer for personal injuries he suffered from exposure to certain chemicals. The trial court granted summary judgment to the employer, finding the employee's claims were barred by the two-year statute of limitations set forth in R.C. 2305.10. The trial court found that the limitations period commenced when the employee first became ill in August 1992, rather than when he discovered in October 1995 that his employer knew about the conditions at the company. The court of appeals affirmed. The Ohio Supreme Court then reversed the trial court and court of appeals, finding that although a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed, the discovery rule is an exception to this general rule and provides that a cause of action does not arise until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant.

{¶ 20} The discovery rule as articulated by the Supreme Court of Ohio in *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84 (1983), entails a two-pronged test

requiring both prongs to be satisfied before the statute of limitations begins to run. First, a plaintiff must know or reasonably should have known that he has been injured; and second, a plaintiff must know or reasonably should have known that his injury was proximately caused by conduct of the defendant. *Lundy v. Lederle Labs., Div. of Am. Cyanamid Co.*, 54 Ohio App.3d 192 (10th Dist.1988) (the plaintiff was barred by the statute of limitations because he knew two years prior to filing his claims that he had polio which was attributable to a vaccine); *Luft* at ¶ 55.

{¶ 21} Since the rule's adoption, the Supreme Court has reiterated that discovery of an injury alone is insufficient to start the statute of limitations running *if at that time there is no indication of wrongful conduct of the defendant. Norgard* at 167. (Emphasis added.) Moreover, the court has been careful to note that the discovery rule must be specifically tailored to the particular context to which it is to be applied. *Browning v. Burt*, 66 Ohio St.3d 544, 559 (1993).

{¶ 22} We, therefore, find that the discovery rule should apply here. Counsel for Hines had limited or no ability to be aware of the potential immunity. The motor vehicle was not a state vehicle. The collision did not occur on state property. Not all grad students are state employees, even those grad students who are state employees might well be in Columbus for purposes other than state business. This is not the situation where a lawsuit is initiated based on conduct at a facility where students are taught by doctors who are also instructors, such as many hospitals, and counsel for plaintiff would normally be on notice of the state employee's defense. This case in many ways presents a unique set of facts. Hines or his counsel could not reasonably have known that Albodour was acting within the course of his employment or that he was even an employee of the University of Akron.

{¶ 23} Applying the discovery rule, the two-year statute of limitations applicable to claims against state entities, R.C. 2743.16(A), did not begin to run until the office of the Attorney General put Hines' counsel on notice of the immunity defense through filing the motions to dismiss in the original filing in the common pleas court. August 19, 2010, is clearly the "alerting event" at which point Hines became aware that his injury was proximately caused by The University of Akron. The lawsuit in the Court of Claims was initiated within that two-year period following that notice. Despite the fact that the

University of Akron was first named a defendant in that second filing does not matter, since the filing was not based on the Ohio Savings Statute, but upon the two-year window allowed by the discovery rule.

{¶ 24} As a result, we sustain the first assignment of error, with the proviso that the time allowed by the discovery rule began to run in August 2010.  Our ruling on the first assignment of error renders the second assignment of error moot.

{¶ 25} We vacate the summary judgment of the Court of Claims of Ohio and remand the case for further proceedings consistent with this decision.

*Judgment reversed and remanded*
*for further proceedings.*

BROWN and CONNOR, JJ., concur.

————————————